JUDGE LINDSAY
delivered the opinion oe the court.
The last will and testament of “William Smith, deceased, was admitted to probate by the Cumberland County Court at its regular May term in the year 1834.
The sixth clause of said will is in these words: “I give and bequeath unto my grandson, Charles William Smith, all the tract of land lying on Bear Creek that I purchased of *99 Eliza Creel, containing five hundred acres, to be rented out yearly by nay executors, and the profits arising therefrom to be appropriated in educating my said grandson. Also I give and bequeath unto him one negro boy named George; one girl called Little Lucy, daughter of Fannie; and one negro girl named Beckie, daughter of Eliza; also $1,000, out of any money belonging to my estate, to be put out at interest for his benefit until he arrives at the age of twenty-one years. But should said Charles William Smith die before he arrives at the age of twenty-one years, or without lawful issue of his body, then, and in either of these events, said property, land, slaves, and money bequeathed to him shall revert back to my estate, and be considered part thereof, and be equally divided and distributed, according to law, among my heirs — children and grandchildren — herein named.”
Charles William Smith died in 1874 the owner of the tract of land mentioned in this devise. He left, no descendants. These appellants are his heirs at law. His mother was one of the children of the testator. She is now dead, and these appellants, who are her children (except Geo. Ellington, who is her grandchild), are also her heirs at law.
The appellees, together with the appellants, are the living heirs at law of the testator.
The controversy in this case is as to whether the appellants, as the heirs at law of the devisee, Charles William, are entitled to the five hundred acre tract of land, or whether, as heirs at law of the testator, they take no more than the interest represented by their mother and grandmother.
The court below sustained, by its judgment, the latter proposition, and the appellants have prosecuted this appeal to reverse that judgment. They insist that the title of Charles William to said land became absolute and indefeasible so soon as he reached the age of twenty-one years.
The appellees contend that even after he attained that age *100 he held a defeasible title, that his dying without “ lawful issue of his body ” had the effect of defeating that title, and that, by the terms of the will under which he held, the land reverted back to the estate of the testator, and is to be divided, according to law, among his (the testator’s) legal heirs.
To sustain the view urged by the appellants it is necessary that, in the construction of the devise, the court shall substitute for the word “or” the copulative conjunction “and,” and thereby make it read, “But should said Charles William Smith die before he arrives at the age of twenty-one years, and without lawful issue,” the property devised shall revert, etc.
In the construction of wills the courts have long claimed and exercised the right of giving to disjunctive words a conjunctive signification in cases in which it is necessary to do so in order to give validity to the bequest and to effectuate the intention of the testator. (Roper on Legacies, vol. 2, p. 290; Hawkins on Wills, p. 203; Redfield on Wills, vol. 1, p. 475; Smith on Executory Interests, p. 97.)
But to support the view which appellants are here insisting upon it will be necessary to substitute “and” for “or,” and also to ignore and disregard the words “ then and in either of these events,” which are used in the same sentence and in direct connection with the word “ or,” and apparently for the purpose of rendering definite and certain the idea the testator intended to express by the use of that disjunctive word.
We are aware of no case in which the rule under consideration has been carried to this extent.
In the case of Brooke v. Croxton (2 Grattan, 506) the Court of Appeals of "Virginia, in construing a similar devise, recognized distinctly the existence of the general rule authorizing the substitution of the conjunctive for the disjunctive conjunction when necessary to carry out the intent of the testator, as manifested on the face of his will; but held that inasmuch as in that case this rule could not be applied without *101 disregarding the other words “ in either case,” it did not feel at liberty to enforce it.
In our opinion that was the safer course, and we are here inclined to follow it.
It is true that a contingency might have happened in which, by following literally the language of the testator, very absurd consequences would have followed; but the testator had the right to make an absurd disposition of his estate if he chose to do so; and the courts can not so construe a will as to avoid an absurdity when it violates neither positive law nor public policy, except upon the assumption that the language which works the absurdity was used by the testator inadvertently, and without fully comprehending its meaning.
We are satisfied that in this case the testator did not use the word “ or ” inadvertently, and we do not feel warranted in holding that he did not understand the effect of the language in which he saw proper to couch the devise.
The judgment of the court below must be affirmed.