THOMAS McCLINTOCK, ET AL., *v.* DANIEL THOMPSON.

**Wills—Devise Upon Condition Subsequent.**

> If property be devised to one with limitation over in the event he dies before reaching twenty-one years of age, or without issue, the devisee's title is absolute on his reaching twenty-one years of age, although he dies without issue.

APPEAL FROM BOURBON CIRCUIT COURT.

December 9, 1879.

Opinion by Judge Hargis:

Without attempting a review of the authorities it is sufficient now to say that, by a long list of the most eminent elementary and judicial writers, the rule has been well settled that, if property be devised to "A" with a limitation over, in the event he dies under the age of twenty-one years or without issue, and if he attains his majority, his estate becomes absolute and indefeasible, although he may die without issue. In such cases the court, with a view to effectuate the intention of the testator, will read *"or"* as *"and."*

*Parrish v. Vaughan,* 12 Bush 97, recognized this rule as well established by authority, but distinguished that case from those falling within the rule. After stating the general rule the court said: "But to support the view which appellants are here insisting upon it will be necessary to substitute 'and' for 'or', and also to ignore and disregard the words 'then and in either of these events', which are used in the same sentence and in direct connection with the word 'or', and apparently for the purpose of rendering definite and certain the idea the testator intended to express by the use of that disjunctive word."

That the court rested its decision on this distinct ground shows that the case was not intended to be a modification of the general and well established rule.

The judgment conforms to these views and must be *affirmed.*

*Prall & Dickison, for appellants.*

*Breckinridge & Shelby, W. P. Ross, for appellee.*

[Cited, *Darnell v. Crain's G'd'n,* 1 R. 354, 10 Ky. Opin. 829.]