CALVIN J. DARNELL, ET AL., v. MARY J. CRAIN'S G'D'N.

[Abstract Kentucky Law Reporter, Vol. 1—354.]

**Will—Construction of Will.**
  Where it is provided in a will that the property of the testator shall go to his two children share and share alike, with a limitation over in the event they should die under the age of twenty-one years or without issue, it is held that if such children attain their majority their estate becomes absolute and indefeasible, although they may die thereafter without issue.

APPEAL FROM NICHOLAS CIRCUIT COURT.

October 28, 1880.

OPINION BY JUDGE HINES:

This action was instituted to obtain a construction of the will of Thomas M. Crain. The following provision only need be considered:

Fifth: "After my debts and the above bequests are all paid, then I will and bequeath the balance of my estate to my beloved children, Florence Angeline Crain and Mary Julia Crain, to be equally divided between them. It is not my intention to put anything in my will that will in any way operate against the interest of my two said children, or preventing them from having the full benefit of my estate when my two said children are each twenty-one years old. I want them to have the full use and control and benefit of what I have left them."

Sixth: "In the event of the death of either of my two said children, Florence or Mary, before they are twenty-one years old or without bodily issue, then I desire the survivor to receive all the benefits and provisions herein made for both; but in the event of the death of both of my said children before they are twenty-one years old or without bodily issue, then, in that event, if there is as much as three thousand dollars, etc., these last bequests are made, with the understanding on my part that in the event of both of my said children without bodily issue and there is as much as three thousand dollars on hand, but in the event of the death of both of my said children without bodily issue," etc.

In the case of *Thomas McClintock v. Daniel Thompson, ante,* p. 426, it is said by this court, Judge Hargis delivering the opinion: "Without attempting a review of the authorities it is sufficient now to say that, by a long list of the most eminent elementary and judicial

writers, the rule has been well settled that, if property be devised to 'A' with a limitation over, in the event he died under the age of twenty-one years or without issue, and if he attains his majority, his estate becomes absolute and indefeasible, although he may die without issue.  In such cases the court, with a view to effectuate the intention of the testator, will read 'or' as 'and' ".  That opinion distinguishes *Parrish v. Vaughan,* 12 Bush 97, from the case under consideration.

We see nothing in the case to take it out of the rule laid down in *McClintock v. Thompson.*

In the case now being considered an absolute indefeasible estate vested in Florence Angeline Crain and in Mary Julia Crain on their respectively becoming twenty-one years of age.

Judgment *reversed* and cause remanded.

*W. P. Ross, for appellants.   Thos. Kennedy, for appellee.*
[Cited, *Truesdell v. Darnall,* 24 Ky. L. 2164, 73 S. W. 755.]