CASE 64—PETITION ORDINARY—DECEMBER 12.

# Brann v. Elzey, &c.

APPEAL FROM GRAVES CIRCUIT COURT.

1. As ESTATES TAIL ARE FORBIDDEN BY our law, and estates that would in former times have been deemed estates tail are now held to be estates in fee-simple, a grantor will not be deemed to have intended to create such an estate if any other construction can be adopted without distorting the meaning of the words used.

2. CASE ADJUDGED.—The deed construed in this case is as follows: "I, John W. Williams, have this day *bargained and sold*, and do hereby transfer and convey, to Jane Williams (wife of Isaac Williams), and to the heirs of her body *by the said Isaac Williams*, a certain tract or parcel of land.   *   *   *   *   To have and to hold the same to the said Jane Williams and the heirs of her body *by the said Isaac Williams*. *Held*—That the children of Jane and Isaac Williams are as certainly identified as if they had been named, and that the children took a present interest with their mother.

ROBERTSON, SMITH AND ROBBINS FOR APPELLANT.

1. The words "heirs of her body" were used by the grantor as words of purchase, as is shown by the use of the words in the body of the deed, and by the use of the limiting words, "by Isaac Williams." (Flournoy v. Allen, &c., MS. Op., Ky. Ct. Ap., Dec. 1, 1869; Tucker v. Tucker, 78 Ky., 503; Morton v. Barnett, 39 Am. Dec., 578; Heard v. Horton, 43 Am. Dec., 659; Lackland's Heirs v. Downing, 11 B. M., 32.)

2. The law presumes that the parties to the deed did not intend to create an estate tail, because such estates are forbidden by law. (8 Bush, 523.)

3. The children of "Jane Williams by Isaac Williams" being described in the body of the deed, took a present interest jointly with their mother, and not an interest in remainder. (Webb & Harris v. Holmes, 3 B. M., 405; Foster v. Shreve, 6 Bush, 521; Flournoy v. Allen, &c., MS. Op., Ky. Ct. Ap., Dec. 1, 1869.)

4. It is not necessary that the persons intended to take by a deed shall be named. It is sufficient if they are described with certainty. (Horn, &c., v. Tichenor, 3 Mon., 196; Gearheart v. Tharpe, 9 B. M., 34.)

EDWARD W. HINES ON SAME SIDE.

1. An instrument will not be construed to create an estate tail if it

will allow any other construction without distorting the language. (Breckinridge, &c., v. Denny & Faulkner, 8 Bush, 527.)

2. The words "heirs of her body by the said Isaac Williams" were manifestly intended to mean the children of Jane Williams by Isaac Williams, whom the grantor intended should take a present interest jointly with their mother, and no technical rule should be allowed to defeat that intention. (Flournoy v. Allen, &c., MS. Op., Dec. 1, 1869.)

D. G. PARK FOR APPELLEES.

The words "heirs of her body by the said Isaac Williams" would, "in former times," have created an estate tail special, and, therefore, under the statute create an estate in fee-simple in Jane Williams. (Revised Statutes, chapter 30, section 8; Goode v. Bradley, MS. Op., June, 1856, cited in note to above section of Rev. Stat.; Johnson v. Johnson, 2 Met., 332; True v. Nicholls, 2 Duvall, 547; Washburne on Real Property, vol. 1, chapter 4, sections 22, 23, 26, 27, 31, 32, 33, 34; Asher v. McCarty, 2 Ky. Law Rep., 218.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The rights of the parties to this appeal to the land in contest depend upon the construction to be given to the deed from John W. Williams, dated September 10, 1859.

It provides:

"I, John W. Williams, of the county of Fayette, in the State of Tennessee, have this day *bargained and sold*, and do hereby transfer and convey, to Jane Williams (wife of Isaac Williams), of Graves county, in the State of Kentucky, and *to* the heirs of her body *by the said Isaac Williams*, for the consideration of one thousand dollars to me in hand paid, a certain tract or parcel of land. * * * * To have and to hold the same to the said Jane Williams and the heirs of her body *by the said Isaac Williams*."

The statute then and now in force in this State provides:

"All estates heretofore or hereafter created, which, in former times, would have been deemed estates in tail, shall henceforth be held to be estates in fee-simple." (Revised Statutes, page 227; General Statutes, page 585.)

It is urged upon the one hand that the deed in this instance would, in former times, have been held to create an estate in tail, and that it, therefore, under the statute, vested Jane Williams with the fee-simple title. Upon the other side, it is claimed that she took but a joint interest with her seven children, all of whom were *in esse* when the deed was made.

The words "heirs of the body," or "heirs lawfully begotten of the body," were appropriate to create an estate tail, and it is well settled that their use, or an equivalent expression, are words of limitation, to be construed as creating such an estate in the absence of any other words in the conveyance showing, or from which it can reasonably be inferred, that they were not used in their technical sense.

It has also been held that the words "to her and her *issue* forever," were not less extensive in their import than "heirs of the body," and that as the word "issue" embraced the whole line of lineal descendants, an estate tail was created. The word "posterity" has received a like construction. The word "children," or words equivalent thereto, are not appropriate, however, to create such an estate.

In the case of True v. Nicholls, 2 Duvall, 547, the words were, "and to her bodily heirs forever;" and it was properly held that under the former law they would have created an estate tail.

In Johnson v. Johnson, &c., 2 Met., 331, it was also so held, the words used being "and their heirs lawfully begotten of their bodies."

This case, however, is not a similar one. Here the words, both in the granting clause of the deed and its habendum, are "*the heirs of her body by the said Isaac Williams.*"

Estates tail are forbidden by our law; and hence, although the language appears to create such an estate, yet if any other construction will not necessarily distort the meaning of the words used, it will be adopted.

It seems to us, however, that in this instance there is no need of a strained construction. The words, "to the heirs of her body by the said Isaac Williams," plainly mean their children. This was clearly not only the intention of the grantor, but it is the obvious meaning of the language.

In the case of Flournoy v. Allen, &c., decided by this court on December 1, 1869, the words used in a deed from the husband to his wife and her trustee were: "and in trust for said party of the second part and her heirs *by said party of the first part;*" and to be held "in trust for said Elizabeth Hurt and her heirs *aforesaid* forever;" and it was held to create a joint estate in the mother and her children.

In this instance the children of Jane and Isaac Williams were as certainly identified as if they had been named.

In Tucker, &c., v. Tucker, &c., 78 Ky. Rep., 503, the words used by the grantor were: "to Martha

Ann Tucker and the heirs of John C. Tucker (her husband), their heirs and assigns forever;" and it. was held that the word "heirs," as used, was equiv-alent to the word "children."

In this case the words used do not denote an' indefinite or entire line of heirs; but a certain class clearly identified; and we conclude that they were used as words of purchase, and that the children of Isaac and Jane Williams, by virtue of the deed, acquired an interest *in presenti* with their mother.

It follows that the judgment must be reversed,. with directions to overrule the demurrer to the answer, to permit the amended answer to be filed, and for further proceedings in conformity with this. opinion.