## Howard v. Sebastian, et al.

(Decided April 19, 1911.)

### Appeal from Morgan Circuit Court.

1. Deeds.—Where the consideration is paid by her, a deed to Nannie Sebastian and her heirs by J. M. Sebastian, conveys to Nannie Sebastian a life estate with remainder to her children by J. M. Sebastian, then or thereafter born.

2. Infants—Real Estate—Sale of by Life Tenant.—Where property held, in the above manner is sold by the life tenant and the proceeds invested in other lands with the same character of title, the purchaser is not entitled to have his title quieted as against the infant remaindermen. An infant's title can be conveyed only by sale made by order of a court of equity in the manner pointed out by statute.

3. Rescission—Mutual Mistake of Fact—Where by mutual mistake of fact on the part of the vendor and purchaser, the vendor sells and the purchaser buys in the belief that the conveyance passed the fee simple title when as a matter of fact only the life estate was acquired, the purchaser will be entitled to a rescission of the transaction and to be adjudged a lien on the land in which the purchase money was reinvested to secure the payment of the purchase price without interest.

BYRD & HOWARD for appellant.

(No brief for appellees.)

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellant Sylvester Howard brought this action against appellees, J. M. Sebastian, Nannie Sebastian, his wife, and their infant children, Bessie and Pearl Sebastian, to quiet his title to a certain tract of land situated in Morgan county, Kentucky. The trial court denied appellant the relief prayed for; hence this appeal.

It appears from the pleadings and proof that appellant purchased the land in question from J. M. Sebastian and Nannie Sebastian by deed with covenant of general warranty dated December 1, 1903. The purchase price was $1,485.00, all of which has been paid. The caption of the deed under which Nannie Sebastian acquired title is as follows: "This deed of conveyance made and entered into this 6th day of May, 1903, between J. L. Brown and Mary E. Brown, his wife, parties of the first part, and

Nannie Sebastian and her heirs by J. M. Sebastian, parties of the second part." The granting clause is: "To the parties of the second part, their heirs and assigns forever." The habendum is as follows: "To have and to hold the same together with all appurtenances thereunto belonging unto the parties of the second part, their heirs and assigns forever," etc.

After the conveyance from Nannie Sebastian and her husband to appellant, they took the purchase money received from appellant and invested it in another tract of land located in Magoffin county, Kentucky. The title to this tract was conveyed in the same way as the title acquired under the deed of May 6, 1903, from J. L. Brown and wife. The grantors in the latter deed, which was dated December 8, 1903, were Farrish Arnett and Belle Arnett, his wife. The consideration was $1,000.00. On February 4, 1905, Nannie Sebastian and her husband exchanged the tract so purchased for a tract of land upon which they now reside and which they obtained from J. L. Brown and Mary E. Brown, his wife, Rebecca A. Brown and Myrtle Coffee. In the latter deed the title was also conveyed to Nannie Sebastian and her heirs by her husband, J. M. Sebastian.

The proof shows that each of these tracts (that is, the one obtained from Arnett and wife and the one for which that tract was exchanged) is worth as much as, if not more than, the tract in controversy. It further appears from the deposition of J. M. Sebastian that his wife, Nannie Sebastian, had previously given to two children by her former husband their part of her estate, and that the conveyance of May 6, 1903, from J. L. Brown and Mary E. Brown was prepared in the manner hereinbefore indicated, so as to exclude the children by her former husband from participation in the tract of land therein conveyed, and that the consideration was paid by her. That being true, and the word "heirs" being used in the sense of children, we conclude that, by the deed in question, Nannie Sebastian acquired the life estate, while her children by J. M. Sebastian, then or thereafter born, acquired the remainder in fee simple. (Fletcher v. Tyler, 92 Ky. 145; Bodine's Admr. v. Arthur, 91 Ky. 53; McFarland &c., v. Hatchett, &c., 118 Ky. 423.)

It follows, therefore, that appellant, by his deed from Nannie Sebastian and her husband, acquired only the life estate of Nannie Sebastian in the tract in controversy.

Because appellant's money has been invested in another tract, and the title thereto taken in the same way as in the original conveyance of May 6, 1903, from J. L. Brown and wife, we are asked to adjudge that the infant children of Nannie Sebastian be estopped from hereafter asserting any interest in and to the tract in controversy. To do so would be to hold, in effect, that an infant's land could be sold and the proceeds reinvested by the life tenant, without resort to the method required by the Code. This can not be done. An infant's title can be conveyed only by sale made by order of a court of equity in the manner authorized by statute. (Bell v. Burgess, 15 Ky. Law Rep., 41.) We, therefore, conclude that the chancellor properly denied appellant the relief prayed for.

We do not mean to hold, however, that appellant is without relief. If, as appears from this record, the conveyance to him from Nannie Sebastian and her husband was the result of a mutual mistake of fact as to the title which the Sebastians had and which they intended to convey, appellant may, in another action, upon proper allegation and proof, obtain a rescission of the transaction; in which event the court will adjudge him a lien upon any land which Nannie Sebastian and her infant children may then own to secure him in the payment of the purchase money, without interest, as appellant will have occupied the land in controversy from the time of its conveyance to him. In view of the fact that the purchase money received for the tract in controversy was reinvested in the Farrish Arnett tract, and the title thereto is held in the same way as the title to the tract in controversy, and this tract was exchanged for the tract obtained from J. L. Brown and Mary E. Brown, his wife, and Rebecca A. Brown and Myrtle Coffee, it will be best to make the latter parties to the suit, so that the rights of all concerned may be equitably determined.

Judgment affirmed.