## Big Sandy Co. v. Childers, et al.

(Decided May 23, 1912.)

Appeal from Pike Circuit Court.

Deed—Character of Estate Devised—Action Upon Note.—In an action upon a note executed for part of the purchase price of land, the defense was that a life estate instead of the fee only passed on the conveyance to the grantors. Held, The use of the words "his heirs" in the latter part of the habendum clause shows that the grantor was to take the property in fee and that his heirs were to. take by descent from him. The word "heirs" as used in the deed was one of limitation and not of purchase.

BUTLER & MOORE for appellant.

CHILDERS & CHILDERS for appellees.

Opinion of the Court by Judge Nunn—Affirming.

This action was instituted by appellees against appellant on a note for $506.86, which appellees alleged appellant executed to them for the purchase price or part of the purchase price, for the coal and other minerals under a certain tract of land, which they owned and which they purchased from Epp Slone. The petition contained the usual allegations made to recover a judgment on a note and to enforce a lien on the property sold, and then continued:

"The defendant refuses to pay same because it claims that a certain deed in plaintiff's chain of title, to-wit, from Tye Ratliff and Georgia Ratliff, his wife, to Epp ' Slone and his heirs, only passes to said Slone a life estate in said land with remainder in his heirs, and that a certain deed from said Epp Slone and wife to plaintiffs to said mineral, only passes a life estate

·to plaintiffs, and it claims that plaintiffs cannot make to defendant a good title to said land, and it refuses to pay said sum for that reason.''

The deed from Ratliff and wife to Epp Slone was filed with the petition. Appellant filed a general demurrer to this petition and the court overruled it and, appellant failing to plead further, a judgment was rendered against it for the full amount of the note and ordered an enforcement of the lien on the minerals.

There are two questions presented by the briefs of counsel. One is, what character of estate was conveyed to Epp Slone by the deed from Tye Ratliff and wife? The other is, are appellees entitled to a judgment for the note conceding that the deed to Epp Slone conveyed to him only a life estate? Appellees contend that they are, as they executed and delivered to appellant a deed containing a general warranty clause, to the minerals sold, and it presents no plea of eviction or insolvency or non-.residency of appellees, and cite the cases of Trumbo v. Lockridge, 4 Bush, 415; Smith v. Jones, 97 Ky., 674; Abner v. York, 19 R., 645, and Ross v. Bar, 21 R., 976.

Appellants contend that these cases do not apply in this case for the reason that it is not alleged in the petition that appellant was ever placed in the possession of the minerals. It is not necessary to consider and determine this proposition, as we are of the opinion that the language of the deed from Ratliff and wife to Epp Slone passed to Slone a fee simple title.

It appears from the deed of Ratliff and wife, that Slone, on the date of the deed, paid them $265.00 for a certain boundary of land. In the caption of the deed the parties are referred to as follows:

''Ty Ratliff and Georgia Ratliff, His wife, partys of .the first part and, Ep Slone *an His Heirs* party of the .second part.''

And after stating the consideration, the granting clause continues:

''Do hereby sell and convey to the party, thir heirs and assigns.''

The deed was written on a printed form and all the last quotation was printed except the letter ''y'' in the word ''party'' and the pronoun ''thir.'' The habendum clause is as follows:

''To have and to hold the same, together with all the ·appurtenances thereunto belonging, unto the party of the second part, *there* heirs and assigns forever. And

the said par*ties* of the first part hereby covenants with the said party of the second part, that *they* will warrant the title to the property hereby conveyed unto said party of the second part, and *his* heirs and assigns forever.''

All of this quotation is printed except the letters and words underscored and they were inserted by the draftsman. The person who copied this deed into the record corrected all the erroneous spelling and capitalization, but omitted the word "his" which appears in the habendum clause of the original deed. The original deed from Ratliff and wife to Slone is before us as an exhibit in a brief and appears to be conceded by the parties to be genuine. As stated, the deed was prepared on a printed form, but the insertions by the draftsman show that he had but little learning and did not understand and appreciate the meaning of the words and phrases used. It is evident, from both the original and the copy in the record, considering the language of the whole writing, that it was intended to convey a fee simple title to Slone and the words, "an His Heirs" as used in the caption, are words of limitation. Epp Slone being alive at that time could have no heirs; it is only dead persons who have heirs. There is nothing in the context of the deed to show that his children were meant, but the language of the whole deed rather evidences the contrary. Slone paid the consideration and the use of the words "His heirs" in the latter part of the habendum clause shows that it was he to take the property in fee and that his heirs were to take by descent from him. The word "heirs" as used in the deed was one of limitation and not of purchase. See the case of Prichard v. James, 93 Ky., 306.

Wherefore, the judgment is affirmed.