## Senters, et al. v. Big Sandy Company.

(Decided June 12, 1912.)

### Appeal from Pike Circuit Court.

1. Deeds—Construction of.—In construing a deed, the intent, when it is apparent and not repugnant to any rule of law, will control technical terms, since the intent and not the words is the essence of every agreement; and, in the exposition of deeds the construc-

tion must be upon the view and comparison of the whole instrument, and with the endeavor to give every part of it meaning and effect.

2.  Deeds—Character of Estate Conveyed.—A deed which, in its caption, described a married woman and "her heirs" as the party of the second part, and in the granting clause conveyed the estate to "the party of the second part, their heirs and assigns," which was to be held "unto the party of the second part, their heirs and assigns forever," the married woman took an estate in fee.

J. S. CLINE for appellants.

BUTLER & MOORE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellants, as the children and heirs-at-law of Huldah Senters, deceased, brought this action to quiet their title to one hundred acres of land which was conveyed to their mother by William Ramey in 1886. In 1887 appellants' mother and father conveyed the coal and mineral rights in said land to the Virginia Mining & Improvement Co., and by mesne conveyances those rights have been conveyed to, and are now owned by the appellee, Big Sandy Company.

Huldah Senters and her husband, Stephen H. Senters, are dead. Appellants claim that their mother took only a life estate in said land, with remainder to the appellants; that they are, therefore, now the owners of said land in fee; and that their mother's sale and conveyance of the mineral rights, which are now claimed by the appellee, placed a cloud upon their title which they are entitled to have removed. The circuit judge sustained a demurrer to the petition, and upon plaintiffs' failure to amend their petition it was dismissed. From that ruling the plaintiffs appeal.

Appellants' rights depend upon the construction to be given the deed from Ramey to their mother, which reads as follows:

"This deed of conveyance, made and entered into this 13th day of November, 1886, between William Ramey, party of the first part, and Huldah Senters and her heirs party of the second part, witnesseth: That said party of the first part, for and in consideration of the sum of one hundred dollars in hand paid, do hereby sell and convey to the party of the second part, their heirs and assigns,

the following described property, to-wit: (Description omitted.)

"To have and hold the same, together with all the appurtenances thereunto belonging, unto the party of the second part, there heirs and assigns forever. And the said party of the first part hereby covenants with the said party of the second part, that they will warrant the title to the property hereby conveyed unto the said party of the second part and their heirs and assigns forever.

"In testimony whereof, the party of the first part have hereunto subscribed their name, the day and year aforesaid.

his

"WILLIAM X RAMEY."

mark

The original deed is before us. It is written upon a printed form, and evidently was drawn by one unskilled in such matters.

In construing a deed, the intent when it is apparent and not repugnant to any rule of law, will control technical terms, for the intent and not the words is the essence of every agreement; and in the exposition of deeds the construction must be upon the view and comparison of the whole instrument, and with the endeavor to give every part of it meaning and effect. Davis v. Hardin, 80 Ky., 672; Bowe v. Richmond, 109 S. W., 359, 33 Ky. L. R., 173.

Appellants base their contention upon the fact that the caption of the deed names "Huldah Senters and her heirs" as grantees, while the granting clause conveys to "the second party, their heirs and assigns forever." It will be noticed, however, that the caption uses the singular number in describing Huldah Senters and her heirs as the "party" of the second part; while the same is true of the granting clause and the habendum clause and in the warranty clause, where the description in each instance is in the singular, and conveys the property to the "party of the second part," adding in each instance, however, the words "their heirs and assigns." It will thus be seen that in every clause of the deed Huldah Senters is referred to as the "party of the second part," either in connection with "her heirs" or "their heirs." Appellants are nowhere named specifically or generally.

There is nothing on the face of the deed to show that

any conditions or considerations existed which should require us to give the words used any other than their ordinary technical legal meaning and effect. American Nat. Bank v. Madison, 144 Ky., 152. Neither is there any limitation to Huldah Senters for her life. The allegation in the petition that Stephen Senters paid the $100 consideration to Ramey, cannot of itself, affect appellee's title.

The deed as a whole shows that the grantor made no distinction whatever between the singular and plural terms, with reference to the grantor and the grantee, since the singular and plural terms are used interchangeably. In our opinion, William Ramey did not intend to convey the fee to any one except Huldah Senters. To construe the words "her heirs," as used in the caption to mean "her children," would not only be to interpolate these words into the deed, but would be placing a construction upon this instrument that was never intended.

This case is on all fours with Big Sandy Co. v. Childers, 148 Ky., 527. Evidently the printed form used in the deed in that case was a copy of the form used in the deed in this case; while the general style and simplified spelling of the two deeds would indicate a common draftsman. In construing the deed in the Childers case, and holding that the grantee took a fee simple estate, we said:

"As stated, the deed was prepared on a printed form, but the insertions by the draftsman show that he had but little learning and did not understand and appreciate the meaning of the words and phrases used. It is evident, from both the original and the copy in the record, considering the language of the whole writing, that it was intended to convey a fee simple title to Slone, and the words, "an His Heirs" as used in the caption, are words of limitation. Epp Slone being alive at that time could have no heirs; it is only dead persons who have heirs. There is nothing in the context of the deed to show that his children were meant, but the language of the whole deed rather evidences the contrary. Slone paid the consideration, and the use of the words "His heirs" in the latter part of the habendum clause shows that it was he to take the property in fee and that his heirs were to take by descent from him. The word "heirs," as used in

the deed was one of limitation and not of purchase. See the case of Prichard v. James, 93 Ky., 306.''
The same ruling must follow here.
Judgment affirmed.