## Dotson, et al. v. Kentland Coal & Coke Company.

### (Decided October 17, 1912.)

### Appeal from Pike Circuit Court.

1. Deeds—Construction—Intent.—The object of construction of deeds is to arrive at the intention of grantor, which must be gathered from the instrument, as a whole. "Bodily heirs," "heirs of the body," and similar terms, being words of limitation, will be given their technical meaning, unless the deed itself shows a contrary sense was intended.

2. Deeds—Construction—Estates Tail.—The effect of the use, in deeds, of the words "bodily heirs," "heirs of the body," and similar terms, in their technical sense, is to create an estate tail, which by statute, section 2343, has been converted into a fee.

3. Deeds—Construction—Fee Simple—The law favors the vesting of estates; and where, by reason of ambiguity in the language of the instrument of conveyance, there is doubt as to what estate it is intended to convey, that construction will be adopted which passes a fee, rather than a less estate.

BUTLER & MOORE for appellants.

AUXIER, HARMAN & FRANCIS and YORK & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming Original and Reversing Cross Appeal.

On January 20, 1882, Wilbern Smith and Martha Smith, his wife, executed and delivered to Daniel B. Smith, the following deed: ·

"This deed of conveyance made and entered into this 20th day of January, 1882, between Wilbern Smith, of Pike County, Kentucky, party of the first part, and Daniel B. Smith and Lydia Smith bodily heirs Mary R. B. Smith and their heirs, party of the second part.

"Witnesseth: That said party of the first part for and in consideration of the sum of $100 in hand paid, do hereby sell and convey to the party of the second part, their heirs and assigns the following described property (Here follows description):

"To have and to hold the same together with all the appurtenances thereunto belonging unto the party of the second part, their heirs and assigns, forever.

"And the said party of the first part hereby covenants with the said party of the second part that they will warrant the title to the property hereby conveyed unto the said party of the second part, and their heirs and assigns forever.

"In testimony whereof the party of the first part have hereunto subscribed their names the day and year aforesaid.

his
"WILBERN x SMITH.
mark


her
"MARTHA x SMITH."
mark

On November 29, 1899, Daniel B. and Lydia Smith sold and conveyed to Arthur Bright, trustee, all of the coal in, upon, and under said land. By mesne conveyance, the Kentland Coal & Coke Company became the owner thereof. At the time of the conveyance in 1882, Daniel B. and Lydia Smith had but one child, a daughter, Mary R. B. Smith. Afterward, there were born to them several other children. Alleging that these after-born children were asserting an interest in the land and in the mineral rights therein, the Kentland Coal & Coke

Company brought a suit against them, in which it sought to have its title quieted. Proceeding upon the idea that Daniel B. and Lydia Smith had only a life estate in the property, Lucretia Dotson, one of the afterborn children, and her husband, in their answer, alleged that Mary R. B. Smith, upon the death of her parents, became the owner of the fee in said property; that, by deed, they had acquired her interest; and that they were, by virtue thereof, entitled to the entire property; or, if Mary R. B. Smith did not take the fee, then she and the other afterborn children took the fee jointly; and that, inasmuch as she had, for a valuable consideration, acquired the interest of the afterborn children, as well as that of Mary R. B., she was the owner of the entire fee, Daniel E. and Lydia Smith, the owners of the life estate, being dead at that time. The validity of the answer, as well as the petition, was called in question by demurrer. Upon consideration, the chancellor was of opinion that, under the deed, Daniel B., Lydia and Mary R. B. Smith took the property jointly, that is, each was the owner in fee of an undivided one-third. Consequently, he adjudged the plaintiff to be the owner of an undivided two-thirds interest in the land, and the defendants, an undivided one-third interest. From that judgment the defendants prayed an appeal, and the plaintiff has prosecuted a cross appeal.

Appellee contends that, under the deed in question, Daniel B. and Lydia Smith acquired the fee simple title to the property; while appellants contend that they acquired only a life estate in it, with remainder in fee, either to Mary R. B. Smith or all the children of Daniel B. and Lydia Smith. Each complains that the judgment of the chancellor is incorrect.

The object of construction is to arrive at the intention; and this intention must be gathered from a consideration of the instrument as a whole. Ordinarily, the words "bodily heirs," "heirs of the body," and similar terms, will be given their legal and technical meaning, unless there is something to be found in the instrument itself, which shows that they were used in a contrary sense. Hall v. Moore, 32 Rep., 56; Jones v. Mason, 21 Rep., 842; Lawson v. Todd, 129 Ky., 132; Pelphrey v. Williams, 142 Ky., 485; Big Sandy Co. v. Childers, 148 Ky., 527. Hence, unless there is something in the deed in question, showing that the words "bodily heirs" were

used in the sense of children, or as words of purchase, they must be treated as having been used by the grantors, in their technical sense, as words of limitation; and the effect of such words, so used, is to create an estate tail, which has been by statute, section 2343, converted into a fee. Handy v. Harris, 32 Rep., 224; Lawson, v. Todd, 129 Ky., 132; Pelphrey v. Williams, 142 Ky., 485.

A familiar rule of construction is, that, where the language used is so ambiguous and uncertain that it cannot, with satisfaction, be determined what estate the grantor intended to convey, that construction will be adopted which passes the fee, rather than a less estate, for the law favors the vesting of estates. Moore v. Sleet, 113 Ky., 600; Baxter v. Bryan, 123 Ky., 235; Tanner v. Ellis, 127 S. W., 995.

The deed under consideration is susceptible of three constructions. Giving to the words used, their strict legal significance, it passes a fee to Daniel B. and Lydia Smith. On the other hand, if the words "bodily heirs" are construed to mean child, and the words "Mary R. B. Smith" following the words "bodily heirs" are accepted as explaining the grantor's meaning in the use if the words "bodily heirs," then the construction, which the lower court placed upon the deed, would be correct. But, if the words "bodily heirs" are construed as having been used instead of children, and the words "Mary R. B. Smith" are ignored, the construction sought by appellants would be correct. None of these constructions, save the first, can be adopted without either giving no weight whatever to some of the words, or giving to others a meaning, which a construction of the instrument, in its entirety, does not justify.

We are unable to tell what estate the grantor intended to convey, and we, therefore, give to the words used their strict legal significance and hold that, under said conveyance, the fee simple title passed to Daniel B. and Lydia Smith, and, by their conveyance to appellee, through Bright, trustee, appellee is the owner of the fee simple title to said property.

Judgment affirmed on original and reversed on cross-appeal, and cause remanded, with instructions to enter a judgment in conformity with this opinion.