## Parrish v. Burkley.

(Decided March 12, 1913.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Wills—Construction—Conversion of Estate Tail Into a Fee.—
    Under a will written in German by which property is devised to
    A, and it is stipulated that he is not to sell the property, but is
    only to have the rents and profits, and that the property is to pass
    in like manner to children's children, an estate tail is created
    which by the statute is converted into a fee.
2.  Wills—Law Favors Vesting of Estates.—The law favors the vest-
    ing of estates and a will will be held to create a fee, where it is
    doubtful that a lesser estate was intended to be created.

R. W. HUNN for appellant.

E. L. McDONALD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

J. H. Flege died a resident of Jefferson County in the year 1863. His will, which was written in German, was duly admitted to probate after his death, and a translation of it in English was recorded in the county court. The second paragraph of this translation is in these words:

"Also I will and bequeath to the oldest son of my youngest brother, Johann Hermann Flege, living in Wildeshausen in the Grand Duchy of Oldenburg in Germany, the large house with the lot and all thereto belonging on the southwest corner of Hancock and Market Streets, therefrom he the named shall pay five hundred dollars to the almshouse in the city of Louisville, and also one thousand dollars to the different orphan asylums, which sum shall be equally divided among them. Said heir shall not have the right to sell the same, but he only shall have the use or profits therefrom, and so in this sense of the word, it shall be used by his children and children's children."

The question to be determined is what interest the oldest son of the testator's youngest brother took in the property devised under the will? Some question has been made as to the correctness of the translation of the last sentence. One scholar gives this translation:

"But he (the same) shall not have the right to sell the same (said property) but, on the contrary, he shall have merely the use thereof and so, in this intendment (for this purpose) it shall descend to children's children."

And another gives this:

"But he shall not have the right to sell the same, but shall only have the use and income thereof, and thus in this sense, it shall be inherited further by child's children."

The German is as follows:

"Derselbe soll aber nicht das Recht haben derselbe zu verkaufen, sondern er soll blos den Nutzen davon haben und so in diesem Sinn es auf Kindes Kinder forterben."

"Kindes Kinder" is a German idiom corresponding with our words "children's children." It is so used in the German Bible to enjoin a duty running from generation to generation (Deut. 6:2). The word "forterben" is a strong form of "erben," to inherit or pass by inheritance," carrying with it the idea of continuance. Read-

ing these words with the other words of the clause, we think it evident that the testator intended to devise the property to the oldest son of his youngest brother; that he should not have the right to sell the property, but, on the contrary, should merely have the use of it, and that the property in the same way should pass to his children's children, that is, from generation to generation. In other words, he intended to create an estate tail, the word "children" being used in the sense of heirs of the body. The will being written in German, the testator used none of the English words which have a well defined meaning in our law of wills, but his real intention upon the whole instrument is no less clear because expressed in unusual words. An instrument which creates an estate tail passes under our statute a fee. (Ky. St. section 2343; Fox v. Fox, 144 Ky., 623.) The attempted restraint upon alienation is void. (Harkness v. Lisle, 132 Ky., 767; Croper v. Bowles, 150 Ky., 393.) The actual intention of the testator cannot be carried into effect, but we must give to the will the effect which the statute prescribes, as he intended to create an estate tail. The law favors the vesting of estates, and where upon the whole instrument there is doubt that a lesser estate was intended to be created, it will be construed as passing a fee. (Moore v. Sleet, 113 Ky., 600; Baxter v. Bryan, 123 Ky., 235; Tanner v. Ellis, 127 S. W. 995; Dotson v. Kentland Coal Co., 150 Ky., 60.)

We therefore conclude that the circuit court properly held that the devisee took a fee under the will.

Judgment affirmed.