## Moorehead, et al. v. Gibson, et al.

(Decided January 26, 1916.)

### Appeal from Allen Circuit Court.

Deeds—Construction—Estate Conveyed—Heirs of Her Body.—A conveyance to one "to have and to hold unto her and the heirs of her body" creates at common law an estate tail, which, by section 2343 of the Kentucky Statutes, is converted into a fee.

THURMAN B. DIXON for appellants.

GILLIAM & GILLIAM and BRADBURN & BASHAM for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This suit was brought by Maye Moorehead, a daughter of Georgie E. Gibson, against her mother to determine the character of the estate which the latter took in certain lands in Allen county, under and by virtue of a deed dated April 12, 1883. Plaintiff contends that

her mother took only a life estate, with the remainder to plaintiff and her brother. The court below held that the mother took a fee simple and dismissed plaintiff's petition. Plaintiff appeals.

The material parts of the deed in question are as follows:

"This deed of conveyance made and entered into this, the 12th day of April, 1883, by and between T. McGoodnight and Elizabeth, his wife, on the part of the party of the first part, and Georgie Ellen Gibson, wife of T. J. Gibson, on the part of the party of the second part, all of whom are residents of the county of Allen and State of Kentucky. Witnesseth: That for and in consideration of the sum of twenty-one hundred dollars, which the said McGoodnight (who is the father of Mrs. Gibson) has this day charged to her as advancement of her part of his estate, has this day conveyed and doth herein bargain, sell and convey unto the said Georgie E. Gibson, two tracts or parcels of land situated in the county and State above mentioned and bounded and described as follows:

(Then follows a description of the tracts conveyed.)

"To have and to hold unto the said Georgie E. Gibson and the heirs of her body with all and singular the appurtenances thereto belonging forever, excepting (then follows the description of a certain road which is reserved by the party of the first part), and the party of the first part herein bind themselves, their heirs and assigns to warrant and defend the title to the above described boundaries of land unto the said Georgie E. Gibson and the heirs of her body forever."

Section 2343 of the Kentucky Statutes is as follows:

"Estates tail—converted into estates in fee—limitation when valid.—All estates heretofore or hereafter created, which, in former times, would have been deemed estates entailed, shall henceforth be held to be estates in fee simple; and every limitation on such an estate shall be held valid, if the same would be valid when limited upon an estate in fee simple."

It is the settled rule in this State that the words "bodily heirs" and "heirs of the body" and other similar expressions are appropriate words of limitation and create at common law an estate tail which, by the foregoing statute, is converted into a fee simple; and such

words when used in a deed will be given their ordinary legal meaning, unless there be something in the instrument itself which shows that they were used in a contrary sense as children or as words of purchase. Dotson, et al. v. Kentland Coal & Coke Co., 150 Ky., 60, 150 S. W., 6; Lawson v. Todd, 129 Ky., 132, 110 S. W., 412.

In the deed in question the only party of the second part is Georgie Ellen Gibson. The granting clause is, "unto the said Georgie E. Gibson." The habendum clause is, "to have and to hold unto the said Georgie E. Gibson and the heirs of her body." The warranty clause is, "unto the said Georgie E. Gibson and the heirs of her body forever." There is nothing in the deed to indicate that the words "the heirs of her body" are used in the sense of children or as words of purchase. The chancellor, therefore, properly held that Georgie E. Gibson took a fee simple and not merely a life estate.

Judgment affirmed.