### Belcher, et al. v. Ramey, et al.

(Decided February 9, 1917.)

Appeal from Pike Circuit Court.

1. Deeds—Construction.—When conveyances of real estate are made, it is presumed, that they are done in contemplation of the statute

laws, which decree that certain constructions follow deeds containing terms about which legislation has been made.

2. Deeds—Construction.—Where the terms of an instrument show a purpose to grant a life estate, with remainder over to the heirs of the grantee of the life estate, or to the heirs of his body or to his issue or descendants, it is invariably construed to give a life estate to the person, and a remainder to the persons designated as remaindermen.

3. Deeds—Ambiguity—Construction.—Where the terms of a deed are so ambiguous that the mind is left in doubt as to whether the deed is intended to pass the fee in the land or a life estate, it will be construed to pass a fee rather than a life estate or a joint estate, and this construction should prevail where the language does not indicate the purpose to convey a life estate or any estate less than a fee.

4. Deeds—Estates Tail—Construction.—Estates tail having been forbidden by law, in the construction of deeds, it will not be considered that such an estate was intended to be created, unless the language of the deed forbids any other construction.

5. Deeds—Construction—Heirs.—Where a conveyance is to a person and his "children," it is uniformly held that such person does not receive the fee, unless from the entire instrument it appears that the grantor used the word "children" in the technical sense of the word "heirs."

6. Deeds—Construction—Heirs of the Body.—Where the words "heirs of the body," "bodily heirs," "heirs lawfully begotten of the body," and other similar expressions are used in a conveyance, they are construed to be words of limitation and not of purchase, and to create estates tail, at the common law, which by the statute, are converted into fees, and this construction must be placed upon such words, unless from the consideration of the entire deed there appears something else in the deed from which it may be concluded that these words or others of similar import were used in a sense different from their legal meaning, as for instance in the sense of the word children.

J. J. MOORE and W. W. BARRETT for appellants.

HAGER & STEWART, E. P. RICE and AUXIER, HARMON & FRANCIS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

On the 28th day of July, 1883, John Hackney and Frankie Hackney, his wife, executed and delivered to Harvey G. Belcher and Victory Belcher, his wife, a deed, which purported to convey to them the title to a tract of land in Pike county. The deed, leaving out the description of the lands, which is not necessary to be in-

cluded in order to determine the proper construction to be placed upon it, is as follows:

"This deed of conveyance made and entered into this 28th day of July, 1883, between John Hackney and Frankie Hackney, his wife, party of the first part, and Harvey G. Belcher and Victory Belcher, his wife, and the heirs of her body, party of the second part; witnesseth, that said party of the first part for and in consideration of the sum of three hundred dollars, cash in hand paid, do hereby sell and convey to the party of the second part, his heirs and assigns, the following described property, to-wit: . . . .

"To have and to hold the same, together with all the appurtenances thereunto belonging, unto the party of the second part, his heirs and assigns forever. And the said party of the first part hereby covenants with the said party of the second part that they will warrant the title to the property hereby conveyed unto the said party of the second part and his heirs and assigns, forever.

"In testimony whereof, the party of the first part has hereunto subscribed their name, the day and year aforesaid.

"John Hackney

her

"Frankie x Hackney."

mark

After the delivery of the deed to the grantees it was accepted by them and caused to be recorded in the clerk's office of the county court. Thereafter Harvey G. Belcher and Victory Belcher, his wife, sold and by deed conveyed the land to Moses Belcher. Moses Belcher sold and by deed conveyed it to James M. Ramey. Thereafter James M. Ramey sold and by deed conveyed the minerals in the lands to the Mason Coal & Coke Company, and the surface and other rights in the lands, he sold and by deed conveyed to Miles Ramey and Kinney Ramey. The Mason Coal & Coke Company sold and by deed conveyed the minerals in the lands to the Kentland Coal & Coke Company. The conveyance from Harvey G. Belcher and Victory Belcher to Moses Belcher, and from Moses Belcher to James M. Ramey purported to convey the entire estate in the lands, and the deeds from Ramey to Mason Coal & Coke Company, and from it to Kentland Coal & Coke Company purported to convey the fee simple title to the minerals, and the deeds to Miles Ramey

and Kinney Ramey purport to convey the entire estate in the lands, except the mineral rights.

The appellants, who are the children of Harvey G. Belcher and Victory Belcher, and who claim that the deed from John Hackney and wife to their ancestors conveyed only a life estate in the lands to Harvey G. and Victory Belcher, and the remainder interest to them as the children of Victory Belcher, instituted this action against the present claimants of the lands and mineral rights, whereby it is sought to have a construction of the deed from John Hackney, &c., to Harvey G. Belcher, &c., which will adjudge that the conveyance invested Harvey G. and Victory Belcher, with only a life estate in the lands, with remainder to appellants as her children, and to have the deeds from their father and mother to Moses G. Belcher, and from him to James M. Ramey, and from him to the subsequent purchasers and vendees of the lands and minerals cancelled and declared void, to the extent that they purport to convey a greater estate than the alleged life estate of Harvey G. Belcher and Victory Belcher in the lands.

The only question to be determined is what estate the deed from Hackney, &c. conveyed, and what estate in the lands vested in Harvey G. Belcher and Victory Belcher by reason of the deed. The circuit court was of the opinion that the deed vested the fee simple estate in the lands in Harvey G. Belcher and Victory Belcher, and that there was no remainder over, and hence sustained a general demurrer to the petition and from its judgment this appeal is taken.

It will be observed that the parties to the deed, both in the caption and in the body of the deed, are stated as if there was only one person of each. The grantors in the deed are two, but the draughtsman of the deed refers to them, in the caption, granting clause, habendum and in the warranty, not as *parties* of the first part, but as "*party* of the first part," as though there was only one. The same is true of the parties of the second part. There are two of them, at least, yet, in the caption, granting clause, habendum and warranty they are described as *party* of the second part and not *parties* of the second part. In the caption, the *party* of the second part is "Harvey G. Belcher and Victory Belcher, his wife, and the heirs of *her* body." Here the feminine form of the pronoun is used to describe the party of the second part.

The granting clause conveys the title to "party of the second part, *his* heirs and assigns." The habendum is, "unto the party of the second part, *his* heirs and assigns forever." The title is warranted "unto the party of the second part and *his* heirs and assigns forever." Thus it will be observed that the party of the second part throughout the deed is referred to as though only one person, and in the caption the party of the second part is described as being feminine, and in the granting clause, habendum and warranty, as being masculine. These are, however, only grammatical inaccuracies, which should not interfere with a proper construction of the deed, in accordance with the intent of the grantors. It is not reasonable, that the grantors should have intended that the heirs of Victory Belcher should be parties of the second part to the deed, and then in the granting, habendum and warranty clauses of the deed entirely lose sight of them and convey and warrant the title to the property to the heirs and assigns of Harvey G. Belcher, forever. Yet, to give the deed the construction contended for by appellants would end in that result. The grantors could not have intended, that there should be such a repugnancy between the various clauses of the deed. Looking to the entire deed for the intention of the grantors, and bearing in mind that the two grantees named were husband and wife, that the two are, at all times, called the party of the second part, as though there was only one person, who, in the caption is referred to as though a woman, and in the granting clause, habendum and warranty as though a man, it is more reasonable to conclude, that when the word "heirs" was used, *their* heirs were intended rather than *his* or *her* heirs. If this conclusion is correct, the "parties of the second part" are Harvey G. Belcher and Victory Belcher, his wife, and the heirs of *their* bodies, and the conveyance was to the "parties of the second part, *their* heirs and assigns;" the habendum was "unto the parties of the second part, *their* heirs and assigns, forever," and the warranty of title was a convenant to the "parties of the second part and their heirs and assigns forever." The appellants, however, contend that the grantors in the deed used the word "heirs" in the sense of "children," and hence that the word "heirs," as used in the deed, is a word of purchase and not of limitation, and that they, as the children of the grantees named in the deed, take under the deed and not by descent, as regards

the lands in controversy. In other words, the deed conveyed only a life estate in the lands to their father and mother, and the remainder to them.

The legislature, in an endeavor to make the laws of property, as applied to the subjects of conveyances and devises, more regular and better understood, has enacted three statutes, which are sections 2342, 2343, and 2345, Kentucky Statutes. The first of these statutes provides:

"Unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

Section 2343, *supra,* is as follows:

"All estates heretofore or hereafter created, which in former times would have been deemed estates entailed, shall henceforth be held to be estates in fee simple; and every limitation on such an estate shall be held valid, if the same would be valid when limited upon an estate in fee simple."

Section 2345, *supra,* provides, as follows:

"If any estate shall be given by deed or will to any person for his life, and after his death to his heirs or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life, only, in such person, and a remainder in fee simple in his heirs, or the heirs of his body or his issue or descendants."

It is presumed, that when conveyances of real estate are made, it is done in contemplation of the statute laws, which decree that certain constructions shall follow the making of deeds, which contain terms about which legislation has been made. The purpose of a construction of a deed is to arrive at the true intention of the grantor, and under the rule in this jurisdiction, to arrive at the intention, the deed as a whole and entire instrument is taken into consideration. In accordance with the provisions of section 2345, *supra,* where the terms of an instrument show a purpose to grant a life estate, only, with remainder over to the heirs of the grantee of the first estate, or the heirs of his body or his issue or descendants, it is invariably construed to give to the person a life estate, only, and a remainder to the persons designated as remaindermen.

For the purpose of giving effect to the intention of the legislation, as indicated in section 2342, *supra,* a rule of construction of deeds has been established to the

effect, that where there is doubt as to the proper construction to be given to a deed—that is, where the terms are so ambiguous that the mind is left in doubt as to whether the conveyance is intended to pass the fee in the land or a less estate—it will be construed to pass a fee rather than a life estate or a joint estate, and this construction should be given to a deed where there is no language, which indicates the purpose of the grantor to convey a life estate or any estate less than a fee. Lawson, &c. v. Todd, &c., 129 Ky. 132; Edwards, et al. v. Cave, et al., 150 Ky. 272; Moore v. Sleet, 113 Ky. 600; Tanner v. Ellis, 127 S. W. 995; Baxter v. Bryan, 123 Ky. 235. The reason of this rule of construction is founded in the favor with which the law looks upon the vesting of estates.

The statute, section 2343, *supra,* has been continuously in force, in this state, since the year, 1796. Under it, it has been consistently held, that an estate, which at the common law, was deemed an estate tail, by the provisions of the statute was converted into a fee. Hence, the existence of estates tail having been prohibited and forbidden, in the construction of deeds, it will not be considered, that any person intended to create such an estate, unless the language of the deed forbids any other construction. Louisville Trust Co. v. Erdman, 22 R. 729; Braun v. Elzey, 83 Ky. 440; Breckinridge, &c. v. Denny & Faulkner, 8 Bush, 527. Hence, in the construction of deeds, where a conveyance is to a person and his "children," it is uniformly held that such person does not receive the fee, unless from the entire instrument it appears that the grantor used the word "children" in the technical sense of the word heirs. Hall v. Wright, 121 Ky. 16; McFarland v. Hatchett, 118 Ky. 423; Edwards, et al. v. Cave, et al., *supra.* Where, however, the words "heirs of the body," "bodily heir," "heirs lawfully begotten of the body" and other similar expressions are used, they are construed to be words of limitation and not words of purchase, and they are construed to create estates tail, and the estates created by instruments, which so describe the estates created, are converted into estates in fee simple by the statute, *supra.* This construction must be placed upon such words, unless from the consideration of the entire deed, there appears something else in the deed from which it can be concluded that these words and others of similar import were used, in a sense different from their legal meaning,

as for instance in the sense of the word children. Big Sandy Co. v. Childers, 148 Ky. 527; Pelphrey v. Williams, 142 Ky. 485; Jones v. Mason, 21 R. 842; Hall v. Moore, 32 R. 56; Handy v. Harris, 32 R. 224; Lawson v. Todd, *supra;* Prewitt v. Holland, 92 Ky. 641; Davis v. Davis, 23 R. 1132; McGinnis v. McGinnis, 16 R. 598; Lanham v. Wilson, 15 R. 109; True v. Nichols, 2 Duvall, 547; Short v. Terry, 15 R. 241; Combs v. Eversole, 23 R. 932; Prescott v. Prescott's Heirs, 10 B. M. 56; Mitchell v. Simpson, 88 Ky. 125; Panteuffell v. Grieb, 119 S. W. 739; Dotson v. Kentland C. & C. Co., 150 Ky. 60; Morehead v. Gibson, 168 Ky. 102; Senters v. Big Sandy Co., 149 Ky. 11; Big Sandy Co. v. Childers, 148 Ky. 527; Foster v. Shreve, 69 Ky. 519; Howard v. Sebastian, 143 Ky. 237; Duncan v. Medley, 160 Ky. 684; Virginia I. & C. Co., v. Dye, et al., 156 Ky. 519; American National Bank v. Madison, 144 Ky. 152; Bowe v. Richmond, 109 S. W. 359.

In the deed under consideration, the word child or children is not used; there is nothing about the deed which indicates, that it was intended to create a life estate in either Belcher or his wife, or in both, or to convey to them anything less than the entire estate in the property, or, in other words, the fee. There are not any words, which indicate a purpose to create an estate "over," or to be enjoyed by any one after the estate conveyed to Belcher and wife has terminated. If the word "heirs" in the deed was in each instance preceded by the word "their" instead of "her" or "his," and this should be a correct rendering of the meaning of the deed, there could be no possible meaning given to the word "heirs" or "heirs of the body," as used in the deed, except the ordinary legal signification of the word heirs. If the words "heirs of her body," as used in the caption, refer to the heirs of Victory Belcher, alone, they would still have only their ordinary legal signification, and the same can be said of the term "his heirs and assigns forever," as used in the clauses of the deed, if it is held that they have reference to the heirs of Harvey G. Belcher alone. In either instance, there would be created an estate, which, at the common law, would be an estate tail, and which the statute converts into a fee. The conveyance to the grantees created in them a joint estate, in fee, and both having joined in conveying it to the remote vendor of the present owners, the entire estate passed by their joint conveyance.

The judgment is therefore affirmed.