## Smith, et al. v. Smith.

(Decided April 16, 1918.)

### Appeal from Madison Circuit Court.

Wills—Construction of—Devise to One and His Heirs.—A devise to one and his heirs invests the devisee with a fee.

G. MURRAY SMITH and T. L. EDELEN for appellants.

BURNAM & BURNAM and W. C. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The question in this case involves the construction of one clause in the will of Thomas J. Smith, Sr., and may be disposed of in a brief opinion.

In the second clause of his will the testator gave to his wife, Fannie Smith, during her life "the home place where I now reside on Lancaster avenue, and all the household and kitchen furniture with all its belongings, except what belongs to my son; also my father's and mother's portraits, which I give to my son. I give to my niece, Rosa May Mobberly, my large silver ladle, an heirloon given me by my mother, and at the death of my wife this property to go to my son or his heirs. I also give to my wife the storehouse situated on Main street in Richmond, Ky., during her life and at her death to go to my son and his heirs."

After the death of the testator, a suit was brought by his widow and his only son, T. J. Smith, Jr., against Elise Bennett Smith and T. J. Smith, the two infant children of T. J. Smith, for the purpose of obtaining a judicial construction of the will of Thomas J. Smith, Sr. The lower court in the course of a judgment construing the will, held that the property mentioned in the clause quoted was "given to the testator's wife for life with the remainder in fee to the testator's son, T. J. Smith." Other clauses in the will were also construed by the lower court and from so much of the judgment as construed the other clauses, T. J. Smith, Jr., and his wife, Elise Bennett Smith, prosecuted an appeal to this court, and in an opinion that may be found in 119 Ky. 899, the judgment of the lower court was affirmed.

It appears from a response to the petition for a rehearing in that case that the court was asked to determine the correctness of the construction placed by the lower court on so much of the will as disposed of the dwelling house on Lancaster avenue and the store house on Main street, but the court declined to express an opinion as to this part of the judgment, because, as said in the opinion, the judgment of the lower court was favorable to the construction sought by T. J. Smith, Jr., and no appeal was prosecuted from that part of the judgment by the children of T. J. Smith, Jr., who, by the judgment of the lower court, were held not to have any interest in these two pieces of property. The lower court, as we have said, ruled that in these two pieces of property T. J. Smith, Jr., took, subject to the life interest of the

widow of the testator, the remainder in fee, and so the judgment of the lower court was left undisturbed.

Subsequently, the widow of the testator died, and later his son, T. J. Smith, Jr.  T. J. Smith, Jr., assuming to be the owner in fee of the residence and storehouse, devised this property to his wife, Elise Bennett Smith, and after this she brought suit against her two children, Elise Bennett Smith and Thomas J. Smith, asked the court to adjudge that, by virtue of the will of her husband, she had a fee simple title in these two pieces of property. In answer to this suit, the children by their guardian *ad litem,* set up that their father only took a life estate in this property under the will of Thomas J. Smith, Sr., and that upon the death of their father the fee to the property vested in them under the will of their grandfather. In disposing of this case, the lower court, following the former judgment of the lower court, held that T. J. Smith, Jr., under the will of his father, took the fee in this property, and that his widow by virtue of and under his will had the fee, and from this judgment the two children prosecuted an appeal to this court.

In an opinion affirming this judgment that may be found in 179 Ky. 365, the court said: "As there was in the former action no appeal from so much of the judgment of the circuit court as declared that the widow of Thos. J. Smith, Sr., took a life estate in the Lancaster avenue house and lot and the store house in Richmond, and that at her death the testator's son, Thos. J. Smith, Jr., became invested with the fee simple title to the two pieces of property mentioned, and that judgment has never been reversed it is still in full force and effect. In other words, the question of title the parties ask to have determined in the present action is *res judicata.*" But further said that the infants might yet appeal from so much of the judgment of the lower court in the first case as determined that they took no interest in this property under the will of their grandfather, and the case now before us is an appeal by the infants from this first judgment, and the only question is, did T. J. Smith, Jr.; take the fee or only a life estate in this property under the will of his father, Thomas J. Smith, Sr.?

It will be observed that in his will, Thomas J. Smith, Sr., gave the residence on Lancaster avenue to his wife, Fannie Smith, for her life and at her death the property "to go to my son or his heirs," and gave to his wife, for

life, the storehouse on Main street which, at her death, he directed should go "to my son and his heirs." From a consideration of the entire will of the testator, which may be found in 119 Ky. 899, we conclude that T. J. Smith, Jr., became invested with the fee in this property under the will of his father. As said in Kirby v. Hulett, 174 Ky. 277, "when the will is considered as a whole, it is apparent that the before-quoted words are used in their strict legal signification, and as such are words of limitation and not of purchase," by the common law they would have created an estate tail, which is converted into a fee by our statute, sec. 2343. There is nothing in the will when considered as a whole to persuade us to believe that the testator intended that these words should have other than their technical legal signification.

Wherefore, the judgment of the lower court holding that T. J. Smith, Jr., took the fee in this property is affirmed.