## Wilson, et al v. Woodward.

### (Decided January 28, 1921.)

## Appeal from Ohio Circuit Court.

1. Deeds—Bodily Heirs.—The words "bodily heirs," "heirs of the body," "heirs lawfully begotten of the body," and other similar expressions indicating descending lineal heirs when used in a deed or will are to be construed as words of limitation and not words of purchase, unless a different intention plainly appears from the language of the entire instrument; and if the language is so ambiguous as to be susceptible of two constructions that one will be adopted construing the words as ones of limitation and creating an absolute estate in the named grantee or devisee.

2. Deeds—Bodily Heirs.—The deed involved in this case as set out in the opinion examined and—Held that the named grantee therein took an absolute estate and that the words "bodily heirs" as applied to her were words of limitation and not of purchase.

C. E. SMITH and BARNES & SMITH for appellants.

A. D. KIRK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This suit involves a contest between three of the appellants and defendants below, who are the infant children of the other appellants and defendants, Thomas P. R. Wilson and Nannie E. Wilson, and the plaintiff and appellee, Earnest Woodward. The subject matter of the contest is to obtain a construction of a deed to 65 acres of land, located in Ohio county, which was executed by Thomas P. R. Wilson on November 17, 1903. Omitting signature, certificate, attestation clause and description, neither of which is pertinent to the question involved, it reads:

"This deed, between Thomas P. R. Wilson of Ohio county and state of Kentucky of the first part and Nannie Wilson and her bodily heirs of said county and state of the second part; Witnesseth, that the said party of the first part in consideration of the love and affection I have for the said Nannie Wilson and her bodily heirs, she being my beloved wife the receipt of which is hereby acknowledged, do hereby sell, grant and convey to the party of the second part her heirs and assigns, the following described property, viz.: . . . To have and to hold the same with all the appurtenances thereon, to

the second party her heirs and assigns forever, with covenant of general warranty."

Thomas P. R. Wilson and wife lived on the land at the time and continued to do so thereafter with their three infant children as they were born and on December 8, 1916, the parents executed an absolute deed conveying the land to the plaintiff, Earnest Woodward, who, upon the discovery of the prior deed involved here, brought this suit against his grantors and their infant children for a construction of it. The guardian *ad litem* appointed by the court to defend for the infants filed answer claiming that a correct construction of that deed was to convey a life interest in the land to the mother of the infants, Nannie E. Wilson, with remainder to her children, or if not, to convey a joint equal interest in the land to her and her children. The court construed the deed (copied above) to convey to Nannie E. Wilson a fee simple title to the land, and that her children took nothing thereby and adjudged accordingly. The infants by their guardian *ad litem* have appealed and are making the same contentions here that were made in their answer in the trial court; but we are unable to find any error in the judgment appealed from.

The terms "bodily heirs," "heirs of the body," "heirs lawfully begotten of the body," and other similar ones, as applying to a grantee in a deed, or a devisee in a will, at common law created what was known as an entailed estate giving to the named grantee or devisee a life estate and a similar estate to his lineal descendants, if any, at his death, and so on in a successive line as long as there were such lineal descendants; but in 1796 the legislature of Kentucky enacted what is now section 2343 of the Kentucky Statutes, which says: "All estates heretofore or hereafter created, which, in former times, would have been deemed estates entailed, shall henceforth be held to be estates in fee simple; and every limitation on such an estate shall be held valid, if the same would be valid when limited upon an estate in fee simple." Continuously since then this court in construing the section has consistently held that common law estates tail were converted by the statute into estates in absolute fee, unless from the language found in the whole instrument (deed or will) it appeared with reasonable clearness that it was the intention of the creator of the estate that a different construction prevail, in

which case the intention as gathered from the entire instrument transmitting the title would be adopted. Some of the numerous cases so holding are: Allen v. Van Meter, 1 Met. 264; Brann v. Elzey, 83 Ky. 440; Louisville Trust Co., Guardian v. Erdmann, 22 Ky. Law Rep. 729; Combs v. Eversole, 23 Ky. Law Rep. 932; Tucker v. Tucker, 78 Ky. 503; Mitchell v. Simpson, 88 Ky. 125; Johnson v. Johnson, 2 Met. 331; Lachland v. Downing, 11 B. M. 32; Moran v. Dillihay, 8 Bush 434; Jones v. Mason, 21 Ky. Law Rep. 842; Hall v. Moore, 32 Ky. Law Rep. 56; Handy v. Harriss, Idem. 224; Pruitt v. Holland, 92 Ky. 641; Pelphrey v. Williams, 142 Ky. 485; Senters v. Big Sandy Co., 149 Ky. 11; Howard v. Sebastian, 143 Ky. 237; American National Bank v. Madison, 144 Ky. 152; Lawson v. Todd, 129 Ky. 132; Bonnycastle v. Lilly, 153 Ky. 834; Fischer v. Stoepler, 152 Ky. 317; Dotson v. Kentland C. & C. Co., 150 Ky. 60; Morehead v. Gibson, 168 Ky. 102; Belcher v. Ramey, 173 Ky. 784; Kirby v. Hulette, 174 Ky. 257; Smith v. Smith, 180 Ky. 174; Scott v. Scott, 172 Ky. 658; Meisburg v. Bryant, 184 Ky. 600, and Scearce v. King, 186 Ky. 507. An examination of those cases will show that in some of them the court construed the term ''bodily heirs,'' or others of similar import, to be words of limitation and not words of purchase, since there was nothing in the instrument in which they were used to indicate a significance to be given them other than their primary effect as fixed by the statute; while in others of the cases it was held that, because of expressions found in some parts of the instrument, and particular manner and connection with which the terms were used, the maker intended to use them in the sense of ''children,'' and the court thereby construed them as words of purchase, giving to the named grantee or devisee either a life estate in the land or a joint interest with those included as ''children,'' dependent upon what the court found was the intention of the particular grantor or testator. Under the above rule, so consistently adhered to by this court, the only power or authority we have is to look to the words of the deed under consideration and determine what significance the grantor therein intended to give to the words ''bodily heirs'' as used therein. In the caption of the deed there is nothing to even remotely indicate that the words were used in any other than their ordinary legal sense, i. e., ''heirs,'' and consequently words of limitation. The only

other place in the deed where the words appear is in the granting clause, in which it is said, "in consideration of the love and affection I have for the said Nannie Wilson and her bodily heirs, she being my beloved wife . . . do hereby sell, grant and convey to the party of the second part, her héirs and assigns," etc. There is nothing in the quotation according to our minds to indicate any intention to convey any interest in the land to any person ,other than the named grantor, Nannie Wilson. On the contrary the language plainly indicates an intention to convey the land to her alone and the recitation of the fact that he makes such conveyance "in consideration of the love and affection I have for the said Nannie Wilson and her bodily heirs" lends no strength to the contention of attorney for the infants. That clause recites only the reason why the grantor was making the conveyance to his wife. It will be noted that the grant in the deed is "to the *party* of the second part *her* heirs and assigns." It is not "to the *parties* of the second part *their* heirs and assigns." The grantee by the express language of the deed is but one person and that person is the wife of the grantor, and the fact that he recites in the deed the reason why he made the conveyance to his wife can not enlarge its terms so as to include others not referred to as grantees. Suppose that the grantor Thomas P. R. Wilson in the granting clause of the deed in contest had expressed as a consideration or reason for executing it "affection I have for the bodily heirs of the said Nannie Wilson she being my beloved wife" without expressing as such consideration or reason any affection he had for his wife, could it then be contended that the "bodily heirs" of his wife meant *children* and were therefore used as words of purchase? We think not, and the fact that he expressed affection for his wife and *also* for her bodily heirs cannot possibly alter the character of estate which the wife took under the deed. Furthermore, if the contention of the guardian *ad litem* is the true one, then all the children born to Nannie E. Wilson, whether they were begotten by Thomas P. R. Wilson the grantor in the deed or by some future husband in case of his death or their separation followed by divorce, would take (although her interest in the latter case would be restored to the husband under our divorce statute) since such children would be her "bodily

heirs'' and would fill the description in the deed. Surely no such result was in the contemplation of the grantor.

The same purpose and intention are plainly manifested in the habendum clause where the conveyance is expressed to be ''to the second party *her* heirs and assigns forever, with covenant of 'general warranty.' '' It is not stated therein, as is shown above with reference to the granting clause, that the conveyance is ''to the second *parties, their* heirs and assigns forever,'' etc. The second party according to the language of the habendum clause is also but one person and the limitation of the estate is to ''her heirs and assigns.'' Clearly there is no room for any doubt as to what the grantor meant by the language he employed in the deed under consideration. As to what he actually intended to but did not express can not influence us in considering what he actually expressed by the language he did employ.

If, however, the language was more doubtful than it is, and so much so as to admit of two constructions, one conveying the absolute fee to the named grantee, and the other conveying to her a less estate, it would then be our duty, under numerous opinions of this court, to construe the deed so as to convey an absolute fee. Lawson v. Todd, *supra;* Edwards v. Cave, 150 Ky. 272; Baxter v. Bryan, 123 Ky. 235; Moore v. Sleet, 113 Ky. 600; Tanner v. Ellis, 127 S. W. (Ky.) 995, and Kirby v. Hulette, *supra.*

It is therefore our opinion that the trial court correctly construed the deed involved, according to the statute, *supra,* and the numerous opinions of this court construing it, and the judgment is affirmed.