# DECISIONS OF THE COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1892.

CASE 50—PETITION ORDINARY TRANSFERRED TO EQUITY— SEPTEMBER 10.

## Pritchard v. James.

### APPEAL FROM CARTER CIRCUIT COURT.

1. CONSTRUCTION OF DEED.—Under a deed in which "Julia James and her heirs" are named as the parties of the second part and the granting clause of which recites that the party of the first part "hath granted, bargained and sold unto the said Julia A. James and her heirs" the land described, *habendum*, "To have and to hold unto the said Julia A. James and her heirs and assigns forever," Julia A. James takes a fee-simple title to the land conveyed and her children take no interest, the word "heirs" being used as a word of limitation and not as synonymous with the word children.

2. PAROL TESTIMONY is not competent to show that the word "heirs" as used in the deed was intended to mean children.

R. D. DAVIS FOR APPELLANT.

The conveyance to Julia A. James invests her with an absolute estate in the whole of the land. (True v. Nicholls, 2 Duv., 547; Johnson v. Johnson, 2 Met., 331.)

R. C. BURNS FOR APPELLEES IN PETITION FOR REHEARING—

Pritchard v. James.

Cites:  Bullock, &c., v. Caldwell, 81 Ky,, 566; Powell v. Powell, 5 Bush,
    619; Davis v. Hardin, 80 Ky.; Tucker v. Tucker, 78 Ky., 503.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Determination of this case depends upon the proper
construction and meaning of a deed from John M. James
for the land in controversy, which is as follows: "This
indenture, made 15th August, 1866, between John M.
James and Julia A. James and her heirs, all of the county
and State aforesaid, of the second part, witnesseth: That
said John M. James, for and in consideration of one hun-
dred and ten dollars, the balance secured by note, hath
granted, bargained and sold unto the said Julia A. James
and her heirs all that tract of land situated in Carter
county, Kentucky, on the waters of Tygart's creek, it
being part of the land set apart for Margaret James in
the division of the estate of George James, deceased, and
bounded as follows:  *  *  *  containing fifty-three acres,
together with the appurtenances thereto belonging.  To
have and to hold the land hereby conveyed unto the said
Julia A. James and her heirs and assigns forever, and
the said John M. James for himself, his heirs, etc., the
aforesaid tract of land unto the aforesaid Julia A. James,
her heirs and assigns against the claim or claims of all
and every person or persons whatever, doth, and will
forever warrant and defend the aforesaid tract of land."

Subsequent to execution of that deed Julia A. James
and her husband re-conveyed the land to John M. James,
for what purpose or consideration does not appear.  But
it is admitted that appellant Pritchard afterward pur-
chased and received a deed for it, and now claims under
and by virtue of conveyance by Julia James and her
husband.

This action was instituted by Julia A. James and her children, now appellees, to recover the land of appellant, and while the action was dismissed as to her, her children were adjudged entitled to recover a moiety of it.

In this contest parol testimony tending to show for what purpose and to whom the deed from John M. James was intended to pass title to the land is clearly inadmissible; and the question of whether appellees, children of Julia A. James, acquired thereby any title, must be determined from the instrument itself.

The deed appears to have been drawn in due form and by a person of ordinary skill and experience, and consequently it can not be fairly presumed he was unacquainted with the meaning and force of the language used. The word "heirs" has been, in exceptional cases and where the language and context of the instrument fully authorized it, interpreted as intended by the parties to mean "children." But it does not seem to us a court would be authorized to give to the language of the deed in question any other than its natural and legal effect, and that consequently Julia A. James took under the deed a fee-simple title to the land, the word "heirs" being used as a word of limitation and not at all synonymous with the word "children." Tucker v. Tucker, 78 Ky., 503, is unlike this case. There the deed was to "Martha Ann Tucker and the heirs of John C. Tucker, their heirs and assigns forever," which could not be otherwise interpreted than a conveyance to others jointly with Martha Ann Tucker, the first-named grantee; and the word "heirs" was, in that case, plainly intended, and had, in order to give proper meaning and effect to the deed, necessarily to be construed as synonymous with "children" of John C.

Tucker.   But here the conveyance is to Julia A. James and *her* heirs—not the heirs or children of a different and distinct person.

In our opinion it was error to adjudge the children of Julia A. James entitled to any part of the land; and, therefore, a reversal is ordered and cause remanded for dismissal of the action.