## Ison v. Cornett.

(Decided January 26, 1911.)

## Appeal from Harlan Circuit Court.

Land—Deeds— Title Bonds — Dower — Possession— Life Tenants— Limitation.—Pasha Ison inherited from her father one-half of a tract of land subject to her mother's dower. She and her husband, George Ison, Jr., conveyed her interest to Appellee Cornett, reserving her right to her mother's dower. Subsequently she and her husband conveyed to her uncle Geo. Ison, Sr., by title bond, her interest in her mother's dower (which bond he had recorded) for which he claims he paid $200.00 down and gave his note for $500.00. Later she and her husband sued Appellee Cornett, alleging that the deed to him had been obtained by fraud, and asked that it be reformed so as to leave out the dower land. This suit was brought at the instance of Geo. Ison, Sr., to whom they had given the title bond, the purpose being to cancel the deed to Cornett, so they might make a deed to Geo. Ison, Sr., pursuant to the title bond. After this suit was brought, Cornett paid Pasha and her husband $500.00 and took from them another bond conveying to him her interest in the dower land and the first suit was dismissed. Then Geo. Ison, Sr., sued Cornett, Pasha, and her husband setting up all the facts and prayed that the deed made in July 1901 be cancelled so far as it included the dower land, and that the parties be required to convey to him the land pursuant to the title bond upon his paying the purchase money which he was ready to do. Upon the proof the court dismissed her petition. Held, the proof is satisfactory that Cornett did not buy Pasha Ison's interest in the dower land and that he did not claim it under the first deed. His possession after he bought out the widow was not adverse to the remainderman. He was holding under the life tenant, and the holding of the life tenant is not adverse to the remainderman during the continuance of the life estate. While he was so holding the sale by Pasha Ison to Geo. Ison, Sr., was not champertous. When Geo. Ison, Sr., bought the land from Pasha and her husband and she made him a title bond to it, it was incumbent on her to procure the title for it and if she agreed to use a part of the purchase money he was to pay in this way, Appellee Cornett cannot complain. Nor can he insist that this action is barred by limitation. Under the proof Cornett cannot hold the land. He, Pasha, and her husband should be required to convey it to the purchaser, Geo. Ison, Sr., who should be required to pay into court the purchase money $500.00, with interest, and this should be adjudged to Appellee Cornett.

ISHAM G. LEABOW, for appellant.

SAMPSON & SAMPSON, W. F. HALL, and GREENE, VAN-WINKLE & SCHOOLFIELD, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

While there is some conflict in the testimony in this case the facts as we conclude from the great weight of the evidence are about these: Pasha Ison, the wife of George Ison, inherited from her father, John M. Creech, one-half of a tract of land subject to her mother's dower. The dower was laid off to the widow, and Pasha and her husband, George Ison, on July 22, 1901, made a deed to R. N. Cornett, by which they conveyed him her interest in the land. But he at that time had in fact only purchased from her, her interest in the land outside of her mother's dower. Her interest in the dower was not sold to him or intended to be conveyed. Between 1901 and 1904, there had been a litigation between Pasha and R. N. Cornett, and in this litigation he and she had testified that her interest in the dower land was not sold to him or conveyed to him by the deed which he obtained. On February 5, 1904, R. N. Cornett bought out the widow in the dower and took possession of it. On July 9, 1904, Pasha and her husband sold by title bond to George Ison, an uncle of her husband, her interest in her mother's dower, and he then had the title bond recorded. He says that he then paid them $200 down and gave his note for $500. Pasha does not seem to know what was paid, but her husband says that only $10 was paid, and that the remainder of the $200 was to go to get the title out of R. N. Cornett. On August 31, 1904, a suit was filed in the name of Pasha and her husband against R. N. Cornett in which they alleged that the deed which they had made to R. N. Cornett in July, 1901, had been obtained by fraud in so far as it included her interest in the dower land, and they asked that it be reformed so as to include only the other land which they had in fact sold him. This suit was brought by them at the request of George Ison, the purchaser to whom they had made the title bond, the purpose being to cancel the deed to R. N. Cornett so that they might make a deed to George Ison pursuant to the title bond. After this suit was brought R. N .Cornett paid Pasha and her husband $500 and took from them another deed which conveyed to him her interest in the dower land, and thereupon that suit was dismissed. Then George Ison, the purchaser, brought this suit against R. N. Cornett, Pasha and her husband in which he set up all the foregoing facts and prayed that the deed made in July, 1901, be cancelled so

far as it included the dower land, and that the parties be required to convey him the land pursuant to the title bond upon his paying the purchase money which he was ready to do. Proof was taken and on final hearing the circuit court dismissed his petition. He appeals.

It is evident that R. N. Cornett paid Pasha and her husband $500 and got them to make him the second deed with knowledge of the rights of George Ison under his title bond. The title bond was recorded, and so he had constructive notice of it. They testify they told him of it, and the circumstances point to the conclusion that he got them to convey the land to him by agreeing to pay them the same amount that George Ison, the purchaser, was to pay them for it, they thus getting all the money they could have gotten anyhow and getting it quicker than if they had waited till the end of the law suit. The proof is satisfactory that R. N. Cornett did not buy Pasha's interest in the dower land, and that he did not claim it under the first deed. His possession after he bought out the widow, was not adverse to the remainder-man. He was holding under the life tenant and the holding of the life tenant is not adverse to the remainder-men during the continuance of the life estate. While he was so holding, the sale by Pasha of her remainder to George Ison was not champertous. When George Ison bought the land from Pasha, and she made him a title bond, it was incumbent upon her to procure the title for it, and if she agreed to use a part of the purchase money he was to pay in this way, R. N. Cornett cannot complain.

Nor can he insist that this action is barred by limitation. It is true the deed was made to him in July, 1901, but the proof is clear that he did not under this deed claim the land but on the contrary said that he had not bought and did not claim her interest in the dower land. While he was so telling her he cannot say that she should have disbelieved him, and brought the suit against him to correct the deed. He did not set up any adverse claim until about the year 1904, and her suit was brought soon thereafter to correct the deed. When he bought her out, this suit promptly followed. It was filed on October 16, 1906, or about two years after the dispute arose.

Under the proof R. N. Cornett cannot hold the land. He, Pasha and her husband should be required to convey it to the purchaser, George Ison, who should be required to pay into court the purchase money, $500, with interest, and this should be adjudged to R. N. Cornett.

Judgment reversed and cause remanded for a judgment as above indicated.