## Pelphrey, et al. v. Williams, et al.

(Decided March 1, 1911.)

### Appeal from Johnson Circuit Court.

Deed—Construction—A conveyance to one and the heirs of her body creates an estate tail at the common law, which, by our statute, is converted into a fee simple.

VAUGHN, HOWES & HOWES for appellants.

FINLEY E. FOGG and C. B. WHEELER for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

On May 20th, 1866, R. R. Williams conveyed to his daughter, Amanda J. Williams, a certain tract of land in Johnson county, Kentucky. On April 18, 1872, Amanda J. Pelphrey (nee Williams), brought this ac-Williams, who, on April 18th, 1886, conveyed the same to appellee, C. W. Williams.

Appellants, John Pelphrey and others, as heirs of Amanda J. Pelphrey (nee Williams), brought this action against C. W. Williams and N. H. Williams to recover the land in controversy. They charged in their petition that R. R. Williams, by his deed of May 20th, 1866, conveyed to his daughter, Amanda J. Williams, only a life estate in the land, with remainder to her children, and that, as she died in the year 1895, they became entitled to the land. A demurrer was sustained to the petition, and the petition dismissed. From the judgment John Pelphrey and others appeal.

The whole case turns upon the proper construction of the deed of May 20th, 1866, from R. R. Williams to his daughter, Amanda J. Williams. Omitting the description of the land conveyed, that deed is as follows:

"Johnson County, Ky., May 20th, 1866.

"This indenture made and entered into between Robert R. Williams of the first part and Manda J. of the second part.

"Witnesseth: That the said Robert R. Williams hath given for the love and affection that I have for my daughter, Manda J., given and granted and by these presents doth give and grant unto the said Manda Jane one of my daughters, a certain tract or parcel of land her por-

tion of the said lands, that I, R. R. Williams, now holds for his part being my 2nd daughter till all the lawful heirs get their portion in equal right of their portion of land then if any over to have equal part, but this land now deeded to her and her heirs for her portion and she to have no claim whatever on my possessions of land till all my legal heirs besides her gets their equal portion, then if any over equal right as and have now his deed given in consideration of her part to have and hold for her and her heirs forever to the sole use and benefit of her and her heirs forever for unto the said Robert R. Williams doth grant and for the love and affection that I have for my 2nd daughter, Manda J., doth forever give and bequeath a certain tract or parcel of land and being for the sum of five hundred dollars to him in hand paid * * * to have and to hold the certain tract of land herein described, containing two hundred acres be the same more or less with all and singular the appurtenances belonging, to-wit, the sole use and benefit of said land and tenement to my daughter, Manda Jane, and the heirs of her body, but never shall stand responsible for her debts in nowise, in no contracts she may hereafter make, but it and its tenements to the use and benefit of the said Manda Jane and the heirs of her body forever whereunto the said R. R. Williams relinquishes all his right, title and claim to the said laid, tenements and claims to the same land and tenements and for that purpose the day and date above written, signed, sealed and delivered in the presence of these witnesses this 20th day of May, 1866.''

For appellants it is insisted that the grantor used the expression ''heirs'' in the sense of ''children,'' and that a reading of the whole deed shows that he intended to convey the land to his daughter for life, with remainder to her children. It is evident from the first part of the deed that the grantor meant that the grantee should have no interest in the grantor's estate beyond the tract of land therein conveyed, until his other heirs had received portions of equal value; but, if there should be any estate left over after the others were made equal, she should share equally with them in such remainder. When the grantor comes to speak of the land actually conveyed, the habendum clause is to the ''sole use and benefit of her and her heirs forever.'' Subsequently he uses the expression, ''the sole use and benefit of said land and tenement to my daughter, Manda Jane, and the

heirs of her body." Again he repeats the expression in Manda Jane and the heirs of her body forever."

It is the settled rule established by innumerable adjudications of this court, and recognized and acted upon in several very recent cases, that the words "heirs of the body," "heirs lawfully begotten of tne body," and other similar expressions are appropriate words of limitation, and must be construed as creating an estate-tail, which, by our statutes, is converted into a fee simple, unless there be something else in the deed or will from which a reasonable inference can be drawn that the words were used in a sense different from their legal and technical signification. (Watkins v. Pfeifer, 29 Ky. Law Rep., 97; Pruitt v. Holland, 92 Ky., 641; Johnson v. Johnson, 2 Met., 333.)

The case at bar comes squarely within the rule above laid down, there being nothing in the deed to indicate an intention on the part of the grantor to create an estate for life.

Judgment affirmed.