## Burke v. Consolidated Coal Company.

(Decided May 28, 1912.)

### Appeal from Pike Circuit Court.

Deed—Construction of.—A deed conveying land to "Margaret Write and her heirs, of the second part * * * to have and to hold the same with appurtenances thereunto belonging unto him the parties of the second part and assigns forever" passed the fee to Margaret Write—the word "heirs" being a word of limitation and not purchase.

J. S. CLINE for appellant.

AUXIER, HARMAN & FRANCIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The only question in this case is, what estate did the following deed convey to Margaret Write:

"This indenture made this 11th day of November in the year of our Lord One Thousand, Eight Hundred

and Seventy-three, between William H. Johnson, of the county of Johnson and State of Kentucky, of the first part, and Margaret Write and her heirs of the county of Pike and State aforesaid, of the second part, Witnesseth:

"That said party of the first part for and in consideration of the sum of $475 in hand paid, the receipt of which is hereby acknowledged, hath sold, bargained and conveyed and doth by these presents bargain, sell and convey unto the said parties of the second part a certain tract or parcel of land lying and being on Shelby Creek in the county of Pike and State aforesaid, and bounded as follows: * * *

"To have and to hold the same with appurtenances thereunto belonging to him the said parties of the second party and assigns forever; and said party of the first part doth further covenant and agree to warrant and defend the premises aforesaid to the said parties of the second part, their admininstrators and assigns against the claims and entries of all persons whatever."

The appellant contends that under this deed the word "heirs" should be construed to mean "children," and that the grantee, Margaret Write, took a life estate, with remainder to her children. While the appellee insists that the deed conveyed the fee to the grantee, Margaret Write, and the lower court so held.

This case is altogether controlled by the opinion in Big Sandy Co. v. Childers, handed down May 23, 1912, and reported in 148 Ky., and by Pritchard v. Jones, 93 Ky., 306, in which we held that similar deeds conveyed the fee. We do not consider it of any importance that the consideration was paid by the husband of the grantee.

Wherefore, the judgment is affirmed.