## Blue, Jr., v. Travis, et al.

(Decided March 11, 1913.)

Appeal from Crittenden Circuit Court.

Deeds—Construction of.—Under a deed in which A and her heirs are parties of the second part and the property is conveyed to the parties of the second part, their heirs and assigns, to have and to hold unto the parties of the second part, their heirs and assigns forever, A takes the land in fee simple, the word "heirs" being a word of limitation not of purchase.

BLUE & NUNN for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The question presented on this appeal is what estate R. B. Laneave took under the following deed:

"This deed of conveyance made and entered into this 31st day of May, 1902, between A. F. Griffith and Anna Griffith, his wife, of Marion, Kentucky, parties of the first part, and R. B. Laneave and her heirs, of Crittenden County, Kentucky, parties of the second part, Witnesseth: That said parties of the first part, for and in consideration of the sum of six hundred dollars, cash in hand paid, the receipt of which is hereby acknowledged, do hereby sell and convey to the parties of the second part, their heirs and assigns, the following described property, to-wit: (Here follows description.) To have and to hold the same, together with all the appurtenances thereunto belonging unto the parties of the second part, their heirs and assigns forever, with covenant of general warranty. In testimony whereof, the parties of the first part have hereunto subscribed their names, the day and year aforesaid."

In Pritchard v. James, 93 Ky., 306, Julia A. James and her heirs were the parties of the second part in the cap-

tion of the deed. The property was conveyed "unto the said Julia A. James and her heirs." The court holding that the deed passed a fee to Julia A. James said:

"The word 'heirs' has been, in exceptional cases and where the language and context of the instrument fully authorized it, interpreted as intended by the parties to mean 'children.' But it does not seem to us a court would be authorized to give to the language of the deed in question any other than its natural and legal effect, and that consequently Julia A. James took under the deed a fee simple title to the land, the word 'heirs' being used as a word of limitation and not at all synonymous with the word 'children.' "

That case was followed and approved in Big Sandy Co. v. Childers, 148 Ky., 527; in Burke v. Consolidated Coal Co., 148 Ky., 573, and in Senters v. Big Sandy Co., 149 Ky., 11, the language of the deed in the later case being practically the same as the language in the deed before us. We, therefore, conclude that the circuit court properly held that R. B. Laneave took the land in fee simple under the deed.

Judgment affirmed.