### Duncan, et al. v. Medley, et al.

(Decided November 5, 1914.)

### Appeal from Hardin Circuit Court.

Deeds—Construction and Operation—Estates and Interests Created.—Where the term "heirs of her body," is used interchangeably with the words "her children," and it is apparent that the latter were used in the primary sense and the former as descriptive, they will be construed as words of purchase, not of limitation.

HAYNES CARTER for appellant.

H. L. JAMES for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This suit was brought by Hettie E. Duncan and her husband, W. T. Duncan, against Sue Emma Medley, their daughter, and their three other children, to obtain a construction of a certain deed executed on September 20, 1874, to Hettie E. Duncan and others, by Micajah Maderra, her father, the deed being as follows:

"Hardin County, Kentucky. In the year of our Lord one thousand eight hundred and seventy-four, Sept. 20 1874 I do give to Hettie E. Duncan our daughter her children the heirs of her body and W. T. Duncan her husband his life time interest in 168-3/4 of land

by his compliance with the following payments to wit: He is to give us the right of pasturing our stock on the pasture now made three years; then the said W. T. Duncan is to clear up the said old land and cultivate it and give us one-third of what it produces each and every year during our life, and the said W. T. Duncan is to cultivate the land that I am now cultivating and give us one-third of what it produces, which is to be penned or stacked on the ground and one-third of the grass that the meadow produces each year to be stacked on the ground. The said W. T. Duncan agrees to pay the taxes on the land this year and not to trade his life time interest in said land. We reserve the cut-down timber that is on the 27 acre lot and stable that we built on the 141-3/4 the plank and boards that we put on the 141-3/4 acres it being known by the name of the old Isaac Morrison land it lying in Hardin County, Ky., near Franklin X roads on the waters of Nolin, it being the land which we deeded to the said Hettie E. Duncan and her children in 73. We do hereby give to our beloved daughter and the heirs of her body and her husband W. T. Duncan his lifetime interest by complying with the above named conditions. (Here follows description by metes and bounds.) We do hereby give this land to the above named stated and bind ourselves to defend it &c. as heretofore named. Whereas we do hereby set our hands and seals. (signed) Micajah Maderra. Lucinda Maderra.''

The trial court held that W. T. Duncan took a life estate in the land; that Hettie E. Duncan took a life estate subject to the life estate of her husband; and that the remainder after the termination of the life estates, vested in the children of Hettie E. Duncan, living on September 24, 1874, the date of the conveyance, and thereafter born alive.

At the time this judgment was rendered, there were four living children of the Duncans; but it appeared from the evidence that at least two, and possibly more, children had been born to them alive since the date of the conveyance, who had died before the institution of this action. The court, therefore, reserved for further proof and future adjudication the question of the exact remainder interest of the remaindermen respectively.

From so much of the judgment as adjudged to their children any interest in remainder in the land in question, the plaintiffs appeal.

1. The term, ''heirs of her body'' is one of limita-

tion, and will ordinarily be given its technical meaning. Dotson v. Kentland Coal & Coke Company, 150 Ky., 60. The word "children" used in a will or deed of conveyance is a word of purchase.

But, where it is apparent from the will or deed that the word "children" is used in the sense of "heirs," it will be read as meaning "heirs" and construed as a word of limitation. Virginia I. C. & C. Co. v. Dye, et al., 146 Ky., 519.

On the other hand, where it is apparent from the instrument that the term, "heirs of her body" is used in the sense of "children," it will be read as meaning "children," and construed as a word of purchase, and not of limitation. American National Bank v. Madison, 144 Ky., 152; Hunt v. Hunt, 154 Ky., 679.

In the deed here under consideration, the language is, "to Hettie E. Duncan our daughter her children the heirs of her body." The terms "her children" and "the heirs of her body" are used synonymously. Being so used, the question presents itself as to whether "her children" was used as meaning "the heirs of her body," or whether "the heirs of her body" was used as meaning "children." In other words, which term was used in the primary sense, and which was descriptive?

The rule to be applied in determining this question is to try to ascertain whether the grantor intended that his daughter should take in fee, or a life estate only; and there is but little language in the deed to assist us in a determination of the grantor's intention. The words "We do hereby give to our beloved daughter," however, imply a conveyance by way of gift induced by parental love.

In the case of American National Bank v. Madison, *supra,* the conveyance contained the words, "in consideration of the love and respect which they (her parents) have for Josephine E. Madison who is their daughter, her children." There were several children living at the date of the conveyance. The caption of the deed made Josephine E. Madison and her bodily heirs, parties; and the habendum clause was to Josephine E. Madison and her bodily heirs forever. But the court held that "bodily heirs" and "children" were evidently used synonymously, "bodily heirs" having the same meaning as "children," and that where so used, they were words of purchase and not of limitation; and that Josephine E. Madison took only a life estate.

In the case of Bowe v. Richmond, 109 S. W., 359, a deed was before the court for construction. The caption made "Caroline Bowe and her children by A. J. Bowe" parties of the second part. The granting clause was "to the party of the second part and her heirs;" and the habendum clause was "to the second party and her heirs and assigns forever." In that case, the court held that the words "her heirs" were used in the sense of "children" the land having been paid for by the husband, A. J. Bowe, and the conveyance having been made as directed by him, with the evident purpose of providing for his wife and children.

In the deed under consideration in the case at bar, the inclusion of the provision that "W. T. Duncan agrees not to trade his lifetime interest in said land" indicates a purpose in the grantor of protecting the interest of the children; and also aids in arriving at the conclusion that the words used in the deed were not intended as words of limitation. We are of the opinion that the circuit court properly construed the deed in question and that the judgment should be affirmed.

It is so ordered.