## Phillips, et al. v. Williamson, et al.

(Decided May 27, 1919.)

### Appeal from Pike Circuit Court.

1. Deeds—Construction—"Heirs," as a Word of Purchase.—In a deed, the consideration of which was paid by J. H. W., and the parties of the second part were the wife of J. H. W., "and her heirs and the heirs of J. H. W.," and the grant was to the wife of J. H. W., "her heirs and the heirs of J. H. W. their heirs and assigns," and the habendum was to the wife of J. H. W., "her heirs and the heirs of J. H. W. their heirs forever," the words "heirs and the heirs of J. H. W." will be construed as words of purchase and not of limitation, so that the wife of J. H. W. will take a life estate only and her children and the children of J. H. W. will take the remainder.

2. Life Estates—Adverse Possession—Remaindermen.—Until the death of the life tenant, remaindermen have no right of possession; consequently, neither the life tenant nor anyone claiming through her can hold adversely to the remaindermen while the life tenant is alive.

3. Appeal and Error—Absence of Parties in Interest—Action of Chancellor—Propriety.—The refusal of the chancellor to pass on questions affecting persons who were not parties to the action was proper.

4. Appeal and Error—Remaindermen—Action to be Adjudged Owners of the Land—Judgment—Error.—Where seventeen persons were joint owners of remainder interests in a tract of land, it was error to adjudge that nine of them were the owners of a nine-thirteenths interest in remainder, it not appearing that they had acquired the interests of the other owners.

CLINE & STEELE for appellants.

STRATTON & STEPHENSON and R. D. WILSON for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

On July 31, 1869, A. T. Williamson and Rachael Williamson, his wife, and Anna Williamson, the mother of A. T. Williamson, executed and delivered a deed conveying to Sarah J. Williamson and others a tract of land on Johns creek, in Pike county. The caption of the deed is as follows:

"This indenture, made and entered into between Anna Williamson, A. T. Williamson and Rachel Williamson, his wife, each of the county of Pike and state of Kentucky, of the first part, and Sarah J. Williamson and her heirs and the heirs of James H. Williamson, of the county and state aforesaid, of the second part."

The granting clause of the deed is as follows:

"Hath hereby granted, sold and conveyed unto the second party, Sarah J. Williamson, her heirs and the heirs of James H. Williamson, their heirs and assigns."

The habendum is as follows:

"To have and to hold the same with all the appurtenances thereon to the second party, Sarah J. Williamson, her heirs and the heirs of James H. Williamson, their heirs forever with covenants to warrant against their heirs, assigns, executors and administrators."

The grantor, A. T. Williamson, and James H. Williamson, were brothers and Anna Williamson was their mother. The consideration for the land was paid by James H. Williamson.

On November 10, 1873, Sarah J. Williamson and James H. Williamson conveyed the land to Eli Williams in consideration of the sum of $1,700.00 and the assumption by the grantee of certain indebtedness owing to the grantors. This deed contained a covenant of general warranty. Upon the purchase of the land Eli Williams took possession thereof and remained in possession until his death, in the year 1890. He left surviving him five children. Within two years after his death Martha Williams Phillips and her husband acquired the interest of the other children and are now the owners of whatever interest Eli Williams had in the land.

James H. Williamson was twice married. By his first wife, who died in the year 1867, he had four children. In the year 1869 he married Sarah Hunt, by whom he had thirteen children.

Alleging that George and Martha Phillips were the owners of only a life estate in the property by virtue of the deed executed on July 31, 1869, to Eli Williams, and that the plaintiffs were the owners of the remainder after the life estate of Sarah J. Williamson, eight of the children of James H. Williamson by his second wife, and the widow of a deceased son by his second wife, together with one of his children by his first wife, brought this suit to enjoin the defendants, George and Martha Phillips, from committing waste and to be adjudged the owners of ten-thirteenths of the land in remainder. On final hearing the chancellor adjudged that the plaintiffs, with the exception of the widow of the deceased son, were the owners of nine-thirteenths of the land in remainder. The defendants appeal.

The proper construction of the deed of 1869 is the principal question presented. For appellants it is insisted that Sarah J. Williamson took either the entire fee or a joint estate with the four children of James H. Williamson then living. On the other hand, it is insisted that the chancellor correctly adjudged that Sarah J. Williamson took only a life estate with remainder to her children, and the children of James H. Williamson. It will be observed that in the caption the grantees are "Sarah J. Williamson and her heirs and the heirs of James H. Williamson." The grant is to "Sarah J. Williamson, her heirs and the heirs of James H. Williamson, their heirs and assigns," while the language of the habendum is "to the second party, Sarah J. Williamson, her heirs and the heirs of James H. Williamson, their heirs forever." Thus, "her heirs and the heirs of James H. Williamson" are not only mentioned as grantees, but these words are followed in the granting clause by the words, "their heirs and assigns," and in the habendum clause by the words, "their heirs forever." Under these circumstances it cannot be said that the words, "her heirs and the heirs of James H. Williamson," were used as words of limitation. On the contrary, it is clear that the purpose of the deed was to convey to Sarah J. Williamson's heirs and the heirs of James H. Williamson an interest in the property. Hence, we conclude that the words "her heirs and the heirs of James H. Williamson" were used in the sense of "children," and therefore as words of purchase and not of limitation. That being true Sarah J. Williamson did not take the entire fee.

It remains to determine whether she took an estate for life or a joint interest with the then living children of James H. Williamson, or with all their children. It must be borne in mind that as the land was bought and paid for by James H. Williamson, the land was in effect a gift to the grantees. In numerous cases we have held that where land is given by a father to his daughter and her children, or by a husband to his wife and her children, the daughter or wife, as the case may be, takes an estate for life with remainder to her children. McFarland v. Hatchett, 118 Ky. 423, 80 S. W. 1185; Bow v. Richmond, 109 S. W. 361.; Fletcher v. Tyler, 92 Ky. 145, 17 S. W. 282; Smith v. Upton, 13 S. W. 721. The reason for this rule of construction is that if a joint estate is given, the interest of each will remain uncertain and shift upon the birth of each afterborn child, and that the donor's intention can be best carried out, giving to the wife or daughter a life estate with remainder to her children, thus keeping the estate intact for the benefit of all. Hence, we conclude that Sarah J. Williamson took a life estate with remainder to her children and the children of James H. Williamson.

There is no merit in the contention that plaintiff's right of action is barred by limitation. The life tenant is still alive. Until her death the remaindermen have no right to possession. Hence, neither the life tenant nor anyone claiming through her, can hold adversely to the remaindermen. Green v. Jones, 169 Ky. 146, 183 S. W. 488; Carpenter v. Moorelock, 151 Ky. 506, 152 S. W. 575; Ison v. Cornett, 141 Ky. 771, 133 S. W. 756.

The point is also made that as the deed from James H. Williamson and wife to Eli Williams contained a covenant of general warranty, and as it was shown that Otis Williamson and Roland Williamson received from their father, James H. Williamson, who is now dead, certain advancements, they should have been barred of a recovery to the extent of the advancements so received, as provided by section 2352, Kentucky Statutes. It appears, however, that neither Otis Williamson nor Roland Williamson is a party to the suit, and for that reason the chancellor properly refused to pass on the question.

The record discloses that James H. Williamson had four children by his first wife and thirteen children by his second wife. It is further shown that all of these children were living with the exception of Major Williamson,

a son by the second wife, but to whom his interest descended upon his death does not appear. It will thus be seen that James H. Williamson had seventeen children, and that although it was not shown that the nine plaintiffs had acquired in any manner the interests of the remaining eight children, they were adjudged to be the owners of nine-thirteenths of the land in remainder.

As all of the children of James H. Williamson were joint owners of the land in remainder, plaintiffs should have been adjudged to be the owners of nine-seventeenths instead of nine-thirteenths of the remainder interest.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.