## Meisberg v. Bryant.

(Decided June 6, 1919.)

## Appeal from Mercer Circuit Court.

1.  Deeds—Heirs—Meaning of.—The term, "heir," has a legal mean-
    ing, and means the one upon whom the descent is cast by the
    laws of inheritance, when the ancestor dies intestate.
2.  Deeds—Heirs—Sense in Which Used.—The term, "heirs," or
    "heirs of the body," as used in a deed or will, as to one and
    "his heirs" or to one and "the heirs of his body," are terms of
    limitation and not of purchase, and import the conveyance of a fee
    simple estate to the grantee, unless it appears, from the deed or
    will, that they were used in the sense of children and were in-
    tended in that sense by the grantor or devisor.
3.  Deeds—Heirs—Sense in Which Used.—Where the term, "heirs"
    is used in a deed, as to a certain person and "her heirs forever,"
    and there is nothing in the deed to show, that the terms were
    used in the sense of children, it will be presumed, that the grantor
    understood their legal signification, and used them in that sense—
    that of heirs.
4.  Deeds—Construction—Heirs and Children.—The meaning of the
    terms "heirs" and "children" as used in deeds and wills, rests
    upon the intention of the grantor or devisor, as shown by the
    instrument, and "heirs" will be construed to mean "children,"
    if it appears, from the instrument, that the term "heirs" was used
    in the sense of "children," and the term "children" will be con-
    strued to mean heirs if the entire instrument, shows, that the
    term was used in the sense of "heirs."
5.  Deeds—A conveyance made or procured to be made by the hus-
    band to the wife "and her heirs forever," which gives to her
    a fee simple estate, can not be construed to be a conveyance to the
    wife, and her children by the husband, so as to give her only a
    life estate, with remainder, in fee, to her children, in the absence
    of anything, in the deed, which shows, that the term "and her
    heirs forever," was used in the sense of children.

C. E. RANKIN for appellant.

J. F. VANARSDALL for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming

In accordance with a contract, reduced to writing,
and subscribed by the parties thereto, the appellee, Kate
T. Bryant, sold to the appellant, C. T. Meisberg, a cer-
tain body of real estate, and tendered to him a properly
executed deed, containing a clause of general warranty,
which purported to convey to him the title to the land,

but, he refused to accept the deed, or to pay the purchase price. The ground of his refusal was, that the appellee was unable to make him a legal title to the property. The circuit court adjudged, that the tendered deed, conveyed the title, of the property, to appellant, and rendered a judgment against him in favor of appellee, for the price, which he had agreed to pay for the land, and he has appealed.

The only question, which is involved, is the ability of appellee to convey the legal title to the property. It appears, from the answer of the appellant, that, on February 10, 1879, the appellee was a married woman, and the wife of J. D. Bryant. She was, at that time, the mother of two children, and since, has become the mother of three other children. The five children were the fruits of her marriage with her husband, J. D. Bryant, who is now dead. The purchase of the land, in controversy, was made by the husband, who, also, paid the purchase price to the vendors, and caused the deed to be made under which the appellee claims title to the lands. The lands were conveyed to her, by the executors of E. W. Roach, deceased, on the date, above mentioned, and that the deed, executed by them, conveyed a good title, is not questioned. The contention, of the appellant, is, that the conveyance, by the executors of Roach, did not vest appellee with a fee simple title, but, conveyed, to her, a life estate only, and the fee, in remainder, to her children. The deed so far as is necessary to be quoted, is as follows:

"In consideration of . . . the undersigned, G. S. Taylor, and Vance Wilson, as executors of E. W. Roach, . . . have sold, and hereby, convey, with clause of general warranty, unto Kate T. Bryant, wife of J. D. Bryant, and her heirs forever, a certain house and lot, in Harrodsburg, Kentucky, at etc. . . ."

After the description of the property, then follows certain stipulations, relating to the rights of certain then tenants of the property, and in relation to the immediate possession of the property which have no bearing upon the present controversy, and are, therefore, unnecessary to be quoted. It will be observed, that the deed was very informal, as to the manner of its preparation. The premises did not begin as usual with the formal statement of the parties to the conveyance, but, began with a statement of the consideration and then gave a definite

recitation of the parties, constituting the grantor and the grantees, and clear operative words of grant, together with a description of the property. The usual *habendum* and *tenendum* were entirely lacking, and the covenants in regard to title precede the words of grant in the premises, and qualify them. The deed, however, taken as a whole, is clearly sufficient in operative terms, to convey the title of the grantors to the grantee or grantees. It clearly states the names of the parties to the deed, the consideration for its execution, and its purpose to convey the title to the grantee, and a certain description of the property, intended to be conveyed and a covenant of general warranty of title.

There is no repugnancy between any of the clauses of the deed. The contention insisted upon by the appellant, is, that the lands having been purchased by the husband of appellee, and the purchase price paid by him, that he intended thereby, to make a provision for his wife, and, also, his children then born, and such as might be thereafter born, and hence, that the word, "heirs," in the granting clause of the deed, was used in the sense of children, which is a term of purchase, and for that reason, that the appellee has only a life estate in the land with a remainder in fee to her children.

The word "heir" has a legal meaning and as such, means the person upon whom the descent is cast, according to the laws of inheritance when the ancestor dies intestate. Williams v. Duncan, 92 Ky. 125; Underwood v. Magruder, etc., 27 R. 1165. When the term "heir" is used in a deed or will, as to a certain person "and his heirs," it, as a rule, by its own force, imports, that a fee simple estate is conveyed—that is, the entire estate is vested in the grantee or devisee, and no present or future interest, in another, and the term "his heirs," merely means, that the estate is one capable of inheritance, and in the event of the death of the devisee or grantee, being at the time, the owner of the property, and intestate, that it will pass to his legal heirs, by the laws of descent, or, in other words, it means, that the title conveyed, is a fee simple. When the term is used, it will be presumed, that the testator or grantor knew and understood the legal meaning of the term and intended it, in that sense, unless there is something in the will or deed, which will show, that it was used in some other and different sense, from its legal signification.

Clay v. Clay, 2 Duv. 295; Pritchard v. James, 93 Ky. 306; Scott v. Nall, 20 R. 188; Underwood v. Magruder, *supra;* Fischer v. Steepler, 152 Ky. 317; Williamson v. Williamson, 18 B. M. 371; Allen v. VanMeter, 1 Met. 277; Hall v. Moore, 105 S. W. 414; Burke v. Consolidated Coal Co., 148 Ky. 573; McCanley v. Buckner, 87 Ky. 191; Senters v. Big Sandy Co., 149 Ky. 11; Lee v. Lee, 7 B. M. 607. The meaning of the term "heirs" in a deed or will, however, is always one of intention, as a deed, like a will, must be construed with the intention of the grantor held in view as the pole star to guide in the construction.

Hence, although it is consistently held, that the term "heirs" is a term of limitation and not one of purchase, and where there is nothing in the instrument, which shows, to the contrary, the term must be construed as one of limitation and given its legal meaning; yet, where, from the context or provisions of the instrument, construed in the light of all the facts properly shown, it appears, that the grantor did not use the term in its legal signification, but, used it in the sense of children, it will be construed to mean children and not heirs, and will be held to be a term of purchase, as children is. Tucker v. Tucker, 78 Ky. 503; Harper v. Wilson, 2 A. K. M. 465; Howell v. Ackerman, 89 Ky. 22; Turner v. Johnson, 160 Ky. 611; Feltman v. Butts, 8 Bush 120; American National Bank v. Madison, 144 Ky. 152; Hunt v. Hunt, 154 Ky. 679; Duncan v. Medley. 160 Ky. 684; Blue v. Travis, 152 Ky. 700; Cecil v. Cecil, 161 Ky. 419; Cook v. Hart, 135 Ky. 650; Tanner v. Ellis, 127 S. W. 995. Upon the contrary, however, although the term children is one of purchase and not of limitation, and as a rule, where there is a conveyance to one and her children, or to one and his children, the children take an interest as joint tenants or remaindermen under the conveyance as purchasers; but if it is apparent from the conveyance, the term, "children," was used in the sense of "heirs" and was intended, by the grantor, to bear that signification, it will be construed to have that meaning, in order to give effect to the intention of the grantor. Virginia I. C. & C. Co. v. Dye, 146 Ky. 519; Duncan v. Medley, *supra;* Miller v. Carlisle, 90 Ky. 205; Williams v. Duncan, *supra;* Hood v. Dawson, 98 Ky. 285; Moran v. Dillehay, 8 Bush, 434; Dicken v. Dicken, 151 Ky. 438; Lochland v. Downing, 11 B. M. 32. The terms, "heirs of the body," or

"heirs begotten of the body," and similar expressions in a deed or will, are terms of limitation, as they create an ancient estate tail, which our statute converts into a fee simple. This effect, however, will not be had, if it appears, from the deed or will, that the terms were used and intended by the testator or grantor to have a meaning different from their legal meaning. McConley v. Buckner, 87 Ky. 191; Pelphrey v. Williams, 142 Ky. 485.

It is, also, true, as contended, that a conveyance to a woman and her children, where a contrary intention is not manifest from the instrument of conveyance, vests the title in the mother and her children as joint tenants, Turner v. Patterson, 5 Dana 295; Cessna v. Cessna, 4 Bush 576; Powell v. Powell, 5 Bush 620; Bell v. Kinner, 101 Ky. 271—except where a husband conveys or causes a conveyance to be made to his wife and children, in which instance, as the usual rule, a life estate is vested in the wife, and the remainder in fee, in the children. Fletcher v. Tyler, 92 Ky. 145; Smith v. Upton, 12 K. L. R. 28; Dacis v. Hardin, 80 Ky. 672; Koeing v. Kraft, 87 Ky. 95; Frank v. Unz, 91 Ky. 621; Weaver v. Weaver, 92 Ky. 491; Polanc v. Cleisen, 23 K. L. R. 1072; Dicken v. Dicken, *supra;* Righter v. Forrester, 1 Bush 278; Jarvis v. Quigley, 10 B. M. 104; McFarland v. Hatchell, 118 Ky. 423. An examination of the cases supporting the latter doctrine, will, however, show, that it is applied, where the conveyance is to the wife and the grantor's children, or the children of the wife by the grantor, and where the term, "children" is used in describing a part of the grantees; or else the term, "heirs" or "heirs of the body," or other similar expressions, including the term "heirs" is used, and it is manifest from the instrument of conveyance, considered in the light of the attendant facts, that the grantor, in using the terms mentioned, used them in the sense of children and intended, that they should have such signification. A grantor, in conveying or causing a conveyance of property to be made to his wife, does not necessarily, make or intend to make his children parties to the conveyance, and if he does not do so, his deed should not be construed to have a different meaning from that which he intended, and if the deed is plain and unambiguous, search need not be made further than its own terms, to determine its meaning. In the instant case, the grantors conveyed to the grantee, and "heirs forever." It is presumed,

that the husband who caused the conveyance to be made, understood the meaning of the terms used and intended them to be understood, in their usual legal signification, in the absence of anything in the deed, showing to the contrary. There is nothing in the deed to indicate, that the terms "her heirs, forever" were used in the sense of children, or in any other sense than their usual legal meaning, and their import, together with the other terms of conveyance, is to create a fee simple title in the appellee. The judgment is therefore affirmed.