## Manning, et al. v. McGinnis.

(Decided January 19, 1926.)

### Appeal from Warren Circuit Court.

1. Deeds—Wife Takes for Life with Remainder to Children Under Deed or Will from Husband to Wife and Children.—While deed to mother and her children ordinarily makes them joint tenants, wife takes property for life with remainder to her children under deed or will from husband to wife and children.

2. Deeds—Deed Held to Grant Life Estate to Grantor's Wife with Remainder at Her Death to Her Children—"Heirs of Her Body."—Under deed to grantor's wife and "heirs of her body, including her stepson," wife took life estate with remainder at her death to her children; "heirs of her body" being used in sense of children.

3. Life Estate—Possession of Purchaser Not Adverse to Remaindermen.—Possession of purchaser from life tenant during latter's life is no more adverse to remainder than that of life tenant.

O. P. ROPER for appellants.

THOMAS, THOMAS & LOGAN and W. B. GAINES for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Appellants, who are the children and grandchildren of Anthy E. Manning, brought this action against appellee who holds under Anthy E. Manning to obtain the construction and legal effect of the following deed:

"This indenture, made and entered into August 9, 1880, between Frank McKay, of the first part, and Anthy E. Manning and the heirs of her body, includ-

ing her stepson (Allen Manning, Jr.), of the second part, all of Warren county and state of Kentucky.

"Witnesseth: That for and in consideration of two hundred ($200.00) dollars, paid by parties of the second part on title bond for land made to Z. T. Manning by party of the first part, 23rd September, 1876, the receipt whereof is hereby acknowledged, the party of the first part hereby deeds and confirms the title in said land unto the parties of the second part, described as follows, to-wit. (Here follows boundary). Containing twenty acres by survey, the same lying in the county of Warren and state of Kentucky, on the headwaters of Hickerson creek, being the same place on which the said parties of the second part now live, together with the appurtenances thereunto belonging, and the party of the first part hereby binds himself in a general warrantee of the title of the land hereby conveyed.

"Given under his hand, this the day and date above written.

"FRANK MCKAY."

The facts shown are these: Z. T. Manning, known as Allen Manning, was the husband of Anthy E. Manning. She was his second wife. By his first wife he had ten children; the youngest of these was Allen Manning, Jr. By his second wife he had six children. He bought the tract of land from McKay and had title bond for it. After this, pursuant to the title bond, McKay made him the deed on August 9, 1880. He died about the year 1894. In 1897 Anthy Manning sold and conveyed her interest in the land to J. L. McGinnis for two horses and a spring wagon valued at $175.00. The place was the residence of the family and she gave McGinnis possession. J. L. McGinnis conveyed the land to William Ferrell and William Ferrell conveyed it to appellee T. S. McGinnis. At the time the deed was made in 1880 Allen Manning, Jr., was about fourteen years of age, and was the only child of the first marriage living with his father.

McGinnis and those claiming under him have been in possession of the land since the widow surrendered possession more than twenty years before the action was brought. On these facts the circuit court held that the appellants took no interest in the land under the deed. They appeal.

There is no conflict of evidence as to the facts. The wife testifies that her husband bought the land, took the title bond and had the deed made. She says his name was W. A. Manning. It is written in the deed Z. T. Manning, but this may be a clerical error. There is no dispute that the title bond was made to the husband or as to the fact that he lived from the date of the bond and for many years after the deed was made on the land with his family.

At the time the deed was made the tract of land was the home of the family. The children of the second marriage were all necessarily young as the youngest child of the first marriage was then only fourteen years of age. The husband simply made a provision for his family. The words "heirs of her body" are plainly used in the sense of children. The words "including her stepson Allen Manning, Jr.," show this. While a deed to a mother and her children is ordinarily held to make them joint tenants, an exception to the above rule has been made in the case of a deed or will from the husband to his wife and children. These cases are held to constitute a peculiar class, and in such cases it is held that the wife takes the property for life, with remainder to the children. McFarland v. Hatchett, 118 Ky. 426. This case followed a long line of cases therein cited. It has been since approved in a number of cases. See Am. Nat'l Bank v. Madison, 144 Ky. 152; Phillips v. Williamson, 184 Ky. 399; Meisburg v. Bryant, 184 Ky. 604. These cases are conclusive that under the deed Mrs. Manning took a life estate with the remainder at her death to the children. She is still living. The reason given for the rule is, "that if a joint estate is given, the interest of each will remain uncertain and shift upon the birth of each afterborn child, and that the donor's intention can be best carried out by giving to the wife or daughter a life estate with remainder to her children, thus keeping the estate intact for the benefit of all." Phillips v. Williamson, 184 Ky. 399.

The possession of her vendee during the life of the life tenant was not adverse to the remainderman. He held under the life tenant. No rule is better settled than that the possession of the purchaser from the life tenant is no more adverse to the remaindermen than the possession of the life tenant. Scott v. Scott, 183 Ky. 604.

Judgment reversed and cause remanded for a judgment as above indicated.