## Williamson et al. v. Phillips et al.

Feb. 15, 1944.

O. T. Hinton for appellants.

Stratton & Stephenson, J. J. Moore, and Wells & Wells for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This Court decided in the case of Phillips et al. v. Williamson et al., 184 Ky. 396, 212 S. W. 121, that Sarah J. Williamson, second wife of James H. Williamson, took a life estate, with the remainder to her children and the children of her husband in a 211 acre tract of land conveyed to her and her heirs and the heirs of James H. Williamson, in 1869. An examination of the opinion in that case will furnish the background for the case now before us. The opinion shows also that Sarah J. Williamson and her husband conveyed the land to Eli Williams with a covenant of general warranty in 1873; that Williams took possession of the land and remained thereon until his death in 1890; and that shortly thereafter one of his daughters, Martha Williams Phillips, and her husband acquired the interests of the other Williams children in the tract.

James H. Williamson had four children by his first wife, and 13 by his second. The second wife, Sarah J., lived until 1938. After the decision in the case of Phillips v. Williamson, supra, the Phillipses bought out the interests of all the Williamson children, except those of the ancestors of the appellants herein, Otis and Roland Williamson, for sums ranging from $300 to $350 per share. Otis and Roland were not parties to the case of Phillips v. Williamson, supra. An examination of the record in that case makes it apparent all parties concerned were of the opinion these two children had no interest in the land in question because of certain advancements made to them by their father, and also be-

cause of a deed which Otis and his wife, who was a daughter of Eli Williams, made to the Phillipses, in so far as Otis' interest was concerned.

The appellants sought unsuccessfully in the case before us to be adjudged the owners of two-fourteenths of the land in question. Considerable stress is placed upon the significance of certain provisions in the deed from Sarah J. and James H. Williamson to Eli Williams, and in the deed from Otis Williamson and his wife to the Phillipses, but we shall confine our consideration of the case to the conveyances made by James H. Williamson to Otis and Roland in 1891. If the proof supports the following finding of the chancellor, then the judgment in favor of the appellees was correct:

"The court further finds, that on the 14th day of Feb. 1891, Jas. H. and Sarah J. Williamson, conveyed a tract of land in Pike Co. to Otis Williamson, and on the same day conveyed another tract, to Roland Williamson.

"It appears from proof that said conveyances in part were gifts, or advancements, to the said Otis Williamson and Roland Williamson if living, would be estopped to claim, to the extent of the value of the lands so received by gift. That their children are likewise estopped from claiming to the extent of the value of land so received. The court is of the further opinion that the interests sued for are not of greater value, than the gifts mentioned above. * * * "

The purchase price of the land which James H. Williamson conveyed to Otis and Roland in 1891 was around $1,700. In the case of Phillips v. Williamson, supra, Otis Williamson testified in behalf of the Phillipses. We gather from his testimony that his father paid around $1,000 of the purchase price of the tract, and he and Roland paid the balance. A daughter of James H. Williamson, who testified in the present case, said it was her understanding that her father gave a tract of land to Otis and Roland upon which he paid a part of the purchase price. She said she thought her brothers paid a balance of approximately $800. Three other witnesses testified they heard James H. Williamson say he had given a tract of land to Otis and Roland and that they had heard other conversations about the transaction. On the other hand there is proof to the effect that Otis and Roland paid the recited considerations in their

deed ($700 in one instance and $800 in another); that no gifts were involved in the transaction; that the father had removed timber from the land and sold the mineral rights thereon before the property was conveyed to his sons; and that, even if it be considered gifts or advancements were made to these children, it was not shown they exceeded the value of the interests involved in the present case.

There is a wide range of proof as to the value of the shares sought by the appellants in the 211 acre tract of land, and also as to the value of the lands conveyed to Otis and Roland in 1891, but we deem it unnecessary to enter upon an analysis of that proof, since we are of the opinion the record supports the finding of the chancellor that the interests sued for ''are not of greater value, than the gifts mentioned above.''

Frankly, our minds are not free from doubt as to the chancellor's ruling in this case. The record presents rather complicated and confusing circumstances. Some of the witnesses were testifying about conversations and happenings which took place many, many years ago. Some of the evidence was probably incompetent, but from a consideration of the competent evidence we entertain no more than a doubt as to the correctness of the chancellor's ruling. In such cases, it is our policy to affirm the judgment. Young v. Young's Adm'r, 294 Ky. 362, 171 S. W. (2d) 1002.

Judgment affirmed.